UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAN AMERICAN AIRWAYS CORP., ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ROBERT E. BARNES, ) <br> ) <br> Defendant ) <br> ) | Case No. 04-CV-10515JLT |

### FIRST AMENDED COMPLAINT

Now comes Plaintiff Pan American Airways Corp. ("Pan Am") and complains against the Defendant Robert E. Barnes ("Defendant") as follows:

### PRELIMINARY STATEMENT

This is an action for damages brought against the Defendant, a former employee of Pan Am, as a result of his failure to properly perform his duties while employed by Pan Am, which conduct has resulted in substantial financial and operational harm to Pan Am. As described in greater detail herein, the said damage resulted from Defendant's failure to properly perform his responsibility to ensure that certain aircraft engines were inspected, maintained and/or preserved in accordance with applicable regulatory requirements and industry standardsother requirements, rendering the said engines not airworthy (usable) in the view of the Federal Aviation Administration. The Defendant has since become employed by the said Federal Aviation Administration.

## PARTIES

1. Plaintiff is a Florida corporation with a principal place of business located at 14 Aviation Avenue, Portsmouth, New Hampshire. Pan Am operates as a commercial air carrier utilizing Boeing 727 aircraft.

2. Defendant is an individual who is a citizen of Massachusetts. Defendant was employed by Pan Am as its Managing Director of Technical Operations from February 11, 2002 through April 1, 2002 and as its Vice President of Maintenance from April 1, 2002 through July 21, 2003. Prior to his employment by Pan Am Defendant was employed by United Airlines. Upon information and belief, Defendant is presently employed by the Federal Aviation Administration in Boston, Massachusetts.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because Plaintiff is a corporation incorporated under the laws of the state of Florida with a principal place of business in New Hampshire, Defendant is a citizen of Massachusetts, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests or costs.

4. Venue is proper in this Court because the Defendant resides in this judicial district, pursuant to 28 U.S.C. §1391(a).

## GENERAL ALLEGATIONS

5. In February of 2002, Pan Am purchased from United Airlines, and began taking delivery of, certain Boeing 727 aircraft (the "Aircraft") and engines (the

"Engines") installed thereon. These aircraft and engines were acquired in order to provide Pan Am with a supply of usable spare parts and spare engines to support its existing fleet of Boeing 727 aircraft.

6. Defendant participated in the process of accepting delivery of the Aircraft and the Engines.

7. The Federal Aviation Administration has advised Pan Am that, subsequent to their acquisition by Pan Am, the Aircraft and the Engines were not preserved in accordance with practices required under the applicable manuals. The Federal Aviation Administration has further asserted that because of such inadequate preservation, the Aircraft and the Engines are not considered fit for use by Pan Am absent certain additional maintenance and inspection which would not have otherwise been required had the Aircraft and the Engines been adequately inspected and preserved upon receipt.

8. In order to secure the use of parts from the Aircraft and the use of certain of the Engines, Pan Am has been required to expend hundred of man-hours of maintenance labor and hundreds of thousands of dollars paid to third-party vendors to perform the additional maintenance and inspections required by the Federal Aviation Administration in order to return the Aircraft parts and Engines to useful condition.

9. At all times relevant hereto, Defendant was responsible for the oversight and management of Pan Am's Maintenance Department, including but not limited to the task inspecting the Aircraft and Engines upon arrival at Pan Am and ensuring the proper

preservation of the Aircraft and Engines subsequent to their receipt by Pan Am.

## Count I—Intentional Damage to Property

10. The allegations set forth in Paragraphs 1 through 9 are incorporated herein by reference.

11. At all relevant times, Defendant had a duty to Pan Am to properly inspect, maintain and/or preserve the Aircraft and Engines.

12. Defendant intentionally failed to perform his duties to properly inspect upon receipt, maintain and/or preserve the value and utility of Pan Am's property (the Aircraft and Engines) while such property was under his supervision and control.

13. As a direct and proximate result of Defendant's failure to perform his duties, Pan Am has suffered damages to date in excess of $500,000, which damages are continuing to accrue.

## Count II—Negligent Damage to Property

14. The allegations set forth in Paragraphs 1 through 13 are incorporated herein by reference.

15. At all relevant times, Defendant had a duty to Pan Am to properly inspect, maintain and/or preserve the Aircraft and Engines.

16. Defendant negligently failed to perform his duties to properly inspect, maintain and/or preserve the value and utility of Pan Am's property (the Aircraft and Engines) while such property was under his supervision and control.

17. As a direct and proximate result of Defendant's negligence, Pan Am has suffered damages to date in excess of $500,000, which damages are continuing to accrue.

### Count III—Negligent Supervision

18. The allegations contained in Paragraphs 1 through 17 are incorporated herein by reference.

19. At all relevant times, Defendant had a duty to Pan Am to properly supervise, manage and oversee the employees responsible for inspecting, maintaining and preserving the Aircraft and Engines.

20. Through his negligence, Defendant breached his duties Pan Am to properly supervise, manage and oversee the performance of such inspection, maintenance and/or preservation activities by the employees under his supervision and control.

21. As a direct and proximate result of Defendant's negligent supervision of the employees under his supervision and control, Pan Am has suffered damages to date in excess of $500,000, which damages are continuing to accrue.

### Count IV—Conversion

22. The allegations contained in Paragraphs 1 through 21 are incorporated herein by reference.

23. Pan Am obtained a possessory right to the Aircraft and Engines through their acquisition from United Airlines.

24. Pan Am's possessory right to the Aircraft and Engines has been seriously impaired by the wrongful damage to the Aircraft and Engines due to Defendant's negligent failure to perform his duties to properly inspect, maintain and/or preserve the Aircraft and Engines, and to properly supervise the employees under his supervision and control.

25. As a direct and proximate result of the wrongful damage to the Aircraft and Engines arising from Defendant's failure to perform his duties to properly inspect, maintain and preserve and to properly supervise employees under his supervision and control, Pan Am has suffered damages to date in excess of $500,000, which damages are continuing to accrue.

### Jury Demand

Pan Am hereby requests a jury trial.

### Prayer for Relief

Pan Am respectfully requests the following relief: 1) judgment in its favor on all counts of this Complaint; 2) damages in an amount to be determined at trial; 3) attorney's fees, costs and interest as allowed by law; and 4) such other relief as this Court may deem just and proper.

Respectfully submitted,

Pan American Airways Corp.

By its attorneys,

_____
John R. Nadolny (BBO#544393)
14 Aviation Avenue
Portsmouth, NH 03801
(603) 766-2002  Tel.
(603) 766-2094  Fax