UNITED STATES DISTRICT COURT
DISCTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAN AMERICAN AIRWAYS CORP., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 04-CV-10515JLT |
| ) | |
| ROBERT E. BARNES ) | |
| ) | |
| Defendant ) | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

Now comes Defendant, Robert E. Barnes ("Defendant") and answers the complaint of Pan American Airlines ("PanAm", "Plaintiff") as follows:

## Introduction

Defendant categorically denies any and all allegations that he did not properly perform his duties while employed by PanAm, or that he failed to perform his duties as required by the applicable regulatory requirements and PanAm's own General Maintenance Manual. At no time did Defendant cause Plaintiff any harm, and any alleged financial injury or operational harm which may have fallen upon Pan American Airways would have been directly or indirectly caused by Plaintiff's own intentional, reckless, careless or negligent acts.
At all relevant times Defendant Robert Barnes reported to Dave Fink, president of PanAm, whose responsibility was to supervise Mr. Barnes. Defendant denies that any of the aircraft engines that Defendant was responsible for and which referenced in the complaint were in an unairworthy condition during his employment with PanAm. Defendant admits being currently employed with the Federal Aviation Administration and calls upon Plaintiff to show the relevance of Defendant's current employment with respect to this legal action.

1. Defendant admits on information and belief.

2. Admitted. Defendant calls upon plaintiff to show the relevance of defendant's current and past employment with respect to this legal action.

3. Defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph and calls on Plaintiff to prove same.

4. Defendant admits on information and belief.

5. Defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph and calls on Plaintiff to prove same.

6. Defendant admits participation in the purchase of some, but not all of the aircraft and engines.

7. Defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph and calls on Plaintiff to prove same.

8. Defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph and calls on Plaintiff to prove same.

9. Admitted

10. Defendant reaffirms and restates his answers to paragraphs 1-9 of Plaintiff's complaint as fully set fort herein.

11. Admitted

12. Denied.

13. Denied as to the proximate cause, Defendant is without knowledge sufficient to either admit or deny the damages alleged in this paragraph and calls on Plaintiff to prove same

14. Defendant reaffirms and restates his answers to paragraphs 1-13 of Plaintiff's complaint as fully set fort herein.

15. Admitted

16. Denied.

17. Denied as to the proximate cause, Defendant is without knowledge sufficient to either admit or deny the damages alleged in this paragraph and calls on Plaintiff to prove same

18. Defendant reaffirms and restates his answers to paragraphs 1-17 of Plaintiff's complaint as fully set fort herein.

19. Admitted

20. Denied.

21. Denied as to the proximate cause, Defendant is without knowledge sufficient to either admit or deny the damages alleged in this paragraph and calls on Plaintiff to prove same

22. Defendant reaffirms and restates his answers to paragraphs 1-21 of Plaintiff's complaint as fully set fort herein.

23. Defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph and calls on Plaintiff to prove same.

24. Defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph as to the damage to the aircraft and engines and calls on Plaintiff to prove same. Defendant denies all other allegations in this paragraph.

25. Denied.

## FIRST AFFIRMATIVE DEFENSE

26. The Complaint fails to state a claim upon which relief can be granted. The complaint is barred under Fed. R. Civ. P. 12(b)(6) by the Plaintiff's failure to state a claim or necessary element of any claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

27. The Complaint fails to include all necessary parties under Fed. R. Civ. P. 19, and is barred under Fed. R. Civ. P. 12(b)(7) by the Plaintiff's failure to name the following individuals as Defendants in this matter: Don Baxter(Vice President of Maintenance and predecessor of Defendant), David Mailhot (Vice President of Maintenance and successor to Defendant), Gerard Terpstra (Director of Maintenance), Stanley Joyner (Director of Maintenance, succeeding Mr. Terpsta), David Forney (Director of Maintenance, succeeding Mr. Joyner), Eduard Stalzer (Chief Inspector) , John Driscoll (Chief Inspector, succeeding Mr. Stalzer), David Gehner (Chief Inspector, succeeding Mr. Driscoll), David Fink (president and responsible party for aircraft airworthiness under the applicable Federal Regulation 14 C.F.R. § 121.363) and other persons required for the operations of air carriers conducted under the applicable regulations under 14 C.F.R. § 119.65.

## THIRD AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred due to the equitable Doctrine of Laches. Plaintiff's claims arose at and during the time the Defendant was employed with Plaintiff Corporation. Plaintiff's opportunity to commence an action against Defendant would have been during Defendant's employment with PanAm and not more than six months after Defendant started working for the Federal Aviation Administration ("FAA").

## FOURTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred due to the equitable Doctrines of Estoppel, Unclean Hands, waiver and/or res judicata.

## FIFTH AFFIRMATIVE DEFENSE

30. Plaintiff released the Defendant from any claims or obligations owed to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

31. Plaintiff failed to mitigate its damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

32.     Plaintiff's claims are barred because Plaintiff brought this complaint solely as a means of harassment, and therefore, is an abuse of process.

## EIGHTH AFFIRMATIVE DEFENSE

33.     Plaintiff's claims are barred due to Plaintiff's own negligent conduct. Plaintiff as certificate holder under the applicable regulations ( 14 C.F.R.   121.363) is responsible for the airworthiness of its aircraft. Any alleged lack in performance of Defendant's duties to perform is a direct cause of Plaintiff's own negligence to adequately supervise the Defendant.

## COUNTERCLAIM TO FIRST AMENDED COMPLAINT

### Count I - Defamation

34. Counter-Plaintiff Robert E. Barnes is not a public figure.

35. Counter-Defendant Pan American Airways, Corp. published one or more oral and written false statements which were intended to impeach Counter-Plaintiff Barnes' honesty, integrity, virtue, or reputation.

36. Counter-Defendant made these statements intentionally and with disregard to the truth of these statements.

37. Counter-Defendant made statements intentionally placing Counter-Plaintiff in a bad light with Counter-Plaintiff's new employer.

38. The defamatory statements resulted in liability to Mr. Barnes.

### Count II - Abuse of Legal Process

39. Counter-Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 34 through 38 above with the same force and effect as if herein set forth.

40. The Federal Aviation Administration is the regulatory body overseeing and in charge of the regulations governing the inspection and airworthiness of aircrafts and aircraft engines.

41. Counter-Defendant's relationship with the FAA was on unfriendly and often adversarial terms.

42. In July 2003 two key-employees Robert Barnes, the Counter-Plaintiff and Eduard Stalzer left employment with PanAm.

43. In August 2003 Counter-Plaintiff Robert Barnes and former PanAm employee Eduard Stalzer began employment with the Federal Aviation Administration.

44. Counter-Plaintiff Robert Barnes and Eduard Stalzer were the only defendants originally named in this action.

45. Eduard Stalzer was later dropped from this suit, leaving Counter-Plaintiff as sole Defendant to this legal action.

46. Counter-Defendant commenced legal action against Counter-Plaintiff in retaliations for leaving PanAm's employ and joining the Federal Aviation Administration.

47. As a result of Counter-Defendant's actions, as described above, the Counter-Plaintiff has suffered mental and physical pain, emotional suffering and distress and an increase in his blood pressure.

### Count III - Intentional Interference with advantageous business relations

48. Counter-Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 34 through 47 above with the same force and effect as if herein set forth.

49. Counter-Plaintiff has quit employment with Counter-Defendant in July 2003

50. Counter-Plaintiff Barnes began to work for the FAA in August 2003 and has been continuously employed with the FAA since that time.

51. Mr. Barnes employment, as a new employee with the FAA, is subject to a twelve months probationary period.

52. Counter-Defendant knew of Counter-Plaintiff's employment with the FAA.

53. Counter-Defendant's service of the summons to Mr. Barnes' new place of employment was designed to interfere with Counter-Plaintiff's business relationship with his new employer.

54. As a direct result of Counter-Defendant's actions, as described above, Counter-Plaintiff is deprived of an unbiased work performance evaluation by his new employer.

### Count IV - Intentional Infliction of Emotional Distress

55. Counter-Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 34 through 54 above with the same force and effect as if herein set forth.

56. Counter-Defendant intentionally and deliberately inflicted emotional distress on Counter-Plaintiff by defaming him to many employees at Pan American Airways Corp. (Counter-Plaintiff's former employer), the FAA (Counter-Plaintiff's new employer), his family, friends and by way of this lawsuit, to the general public.

57. Counter-Defendant intentionally and deliberately inflicted emotional distress on Counter-Plaintiff by commencing a civil action against Counter-Plaintiff, where Counter-Defendant knew or reasonably should have known that no legal cause of action existed against Counter-Plaintiff.

58. Counter-Defendant intentionally and deliberately inflicted emotional distress on Counter-Plaintiff by serving the complaint at his current place of employment.

59. Counter-Defendant knew or reasonably should have known that Counter-Defendant's actions, as described above, would cause Counter-Plaintiff severe emotional distress, humiliation and embarrassment.

60. As a direct and proximate result of Counter-Defendant's extreme and outrageous conduct, as described above, the Counter-Plaintiff has suffered physical and mental pain and distress, emotional suffering, anxiety, humiliation and embarrassment. and, with a high degree of likelihood, will continue to be emotionally distressed.

Wherefore, Defendant respectfully requests that this Court enter an Order and Judgment:

    (a) Dismissing Plaintiff's Complaint;

    (b) Granting judgment for the Defendant on his counterclaims in an amount deemed by this Court to be just and fair;

    (c) Awarding Defendant reasonable costs and attorneys fees;

    (d) Granting such other and further relief as the Court deems just and proper.

_____
Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070

## Certificate of Service

I, Peter Piel, hereby certify that a true copy of the above document was served upon John Nadolny, the attorney of record for the plaintiff, by U.S. mail, postage prepaid on this 21[th] day of April 2004.

*Peter Piel*

Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070