FILED

# UNITED STATES DISTRICT COURT OFFICE
## DISTRICT OF MASSACHUSETTS

2004 MAY 25  P 3: 55

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
_____
                                   )
PAN AMERICAN AIRWAYS CORP.,        )
                                   )
      Plaintiff/Counter-Defendant  )
                                   )
v.                                 )        Case No. 04-CV-10515 JLT
                                   )
ROBERT E. BARNES                   )
                                   )
      Defendant/Counter-Plaintiff  )
                                   )
_____)
```

## PLAINTIFF/COUNTER-DEFENDANT'S MEMORANDUM OF REASONS IN SUPPORT OF ITS MOTION TO DISMISS COUNT IV OF DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIMS

Plaintiff/Counter-Defendant, Pan American Airways Corporation ("Pan Am") has

moved, pursuant to Rules 7(b) and 12(b)(6) of the Federal Rules of Civil Procedure and

Rule 7.1 of the Rules of this Court, to dismiss Count IV of Defendant/Counter-Plaintiff

Robert E. Barnes' ("Barnes") counterclaims (the "Counterclaim) filed on or about April

22, 2004. Pursuant to Massachusetts law, Barnes' allegations that Pan Am intentionally

inflicted emotional distress upon Barnes fail to state a claim upon which relief can be

granted, and this Counterclaim should therefore be dismissed.

### I.    FACTS

Pan Am is a Florida corporation with its principal place of business located at 14

Aviation Avenue, Portsmouth, New Hampshire. Complaint, ¶ 1. Pan Am operates as a

commercial air carrier utilizing Boeing 727 aircraft. *Id.* Barnes is an individual who

resides in Massachusetts, and who was employed by Pan Am from February of 2002

through July of 2003 in various maintenance capacities, most recently as Vice President of Maintenance. *Id.*, ¶ 2.

In February of 2002, Pan Am purchased from United Airlines—and began taking delivery of—certain Boeing 727 aircraft (the "Aircraft") and engines (the "Engines") installed thereon. Complaint, ¶ 5. These Aircraft and Engines were acquired in order to provide Pan Am with a supply of usable spare parts and spare engines to support its existing fleet of Boeing 727 aircraft, a process in which Barnes participated. *Id.*, ¶¶ 5-6. The Federal Aviation Administration ("FAA") has advised Pan Am that, subsequent to their acquisition by Pan Am, the Aircraft and Engines were not preserved in accordance with practices required by the applicable manuals. *Id.*, ¶ 7. The FAA has further asserted that—because of such inadequate preservation—the Aircraft and Engines were not fit for use by Pan Am in its operations absent certain additional maintenance and inspection which would not otherwise have been required had the Aircraft and Engines been adequately inspected and preserved upon receipt. *Id.* Consequently, in order to secure the use of the parts from the Aircraft and the use of certain of the Engines, Pan Am has been required to expend hundreds of man-hours of maintenance labor and hundreds of thousands of dollars to pay third party vendors for additional maintenance and inspection in order to return the Aircraft and Engines to a useful condition. *Id.*, ¶ 8.

At all times relevant to this action, Barnes was responsible for the oversight and management of Pan Am's Maintenance Department. Complaint, ¶ 9. Barnes' responsibilities included the task of inspecting the Aircraft and Engines upon arrival at Pan Am and ensuring the proper preservation of the Aircraft and Engines subsequent to their receipt by Pan Am. *Id.* As a result of Barnes' intentional and/or negligent failure to

2

properly perform his duties, Pan Am has suffered damages in excess of $500,000.00.
Complaint, Counts I-IV.

On or about April 22, 2004, Barnes' filed an Answer and Counterclaims in response to the Complaint, denying the majority of the allegations contained in the Complaint, raising several affirmative defenses, and alleging four counterclaims. Answer and Counterclaims, Counts I-IV. The Counterclaim at issue here alleges that Pan Am intentionally inflicted emotional distress on Barnes by allegedly defaming him and filing the instant action to recover damages proximately caused by the acts and omissions of Barnes. Answer and Counterclaims, ¶¶ 55-60.

## II.  ARGUMENT

Pursuant to Massachusetts law, in order to state a claim for intentional infliction of emotional distress, the pleading party must allege: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of the conduct; (2) that the conduct was "extreme" and "outrageous," was "beyond all possible bounds of decency" and was "utterly intolerable in a civilized community;" (3) that the actions of the defendant were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was "severe" and of a nature "that no reasonable [person] could be expected to endure.[1] *Tetrault v. Mahoney, Hawkes & Goldings, et. al.*, 425 Mass. 456, 466, 681 N.E.2d 1189 (1997), citing *Agis v. Howard Johnson Co.*, 371 Mass. 140, 145, 355 N.E.2d 315 (1976). In conducting an analysis of whether these elements have been satisfied, a court is permitted to make

---

[1] Because this Court's jurisdiction over this action is based upon diversity of citizenship, Massachusetts substantive law must be applied. *28 U.S.C. §1332, Crellin Technologies, Inc. v. EquipmentLease Corp.*, 18 F.3d 1, 4 (1st Cir., 1994).

findings of law as to the sufficiency of the allegations. *Sena v. Commonwealth of Massachusetts, et. al.*, 417 Mass. 250, 264, 629 N.E.2d 986 (1994).

In making a determination as to whether a claim of intentional infliction of emotional distress is legally sufficient, a showing must be made that a defendant's actions go beyond "mere insults, indignities, threats, annoyances, petty oppressions or other trivialities." *Tetrault v. Mahoney, Hawkes & Goldings, et. al.*, 425 Mass. at 466. Moreover, it is not enough to allege that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that the conduct was malicious or would entitle a plaintiff to punitive damages in another tort. *Tetrault*, 425 Mass. at 466. Indeed, "outrageous" conduct has been found to be depicted only by a "high order of reckless ruthfulness or deliberate intolerance that...is simply intolerable." *Conway v. Smerling, et. al.*, 37 Mass. App. Ct. 1, 8, 635 N.E.2d 268 (1994), and by conduct that is considered "utterly intolerable in a civilized community." *Sena v. Commonwealth of Mass.*, 417 Mass. at 265. Of particular relevance here, as well, is the requirement that the emotional distress allegedly suffered by the plaintiff be severe, and beyond what a "reasonable person could be expected to endure." *Tetrault*, at 466.

In applying the facts asserted in the Counterclaim to Massachusetts precedent, it is clear that Barnes has failed to allege the required elements to support a claim for intentional infliction of emotional distress. More particularly, Barnes has alleged that Pan Am has intentionally inflicted emotional distress on him by defaming him to Pan Am employees and by initiating this lawsuit. However, even if these allegations were true—which Pan Am denies—they still fail to meet the minimum requirements for "extreme and outrageous conduct." Rather, keeping in mind that the instant action is one for

4

recovery of damages incurred by Pan Am as a direct and proximate result of the acts and omissions of Barnes, it is clear that Pan Am's actions are well within the bounds of decency.

This premise is further supported by comparing the nature of Pan Am's actions with similar acts that have been found to fall short of "extreme and outrageous" conduct. Specifically, the investigation and reporting of suspected embezzlement by an employee based on objective facts, *Conway*, 37 Mass. App.Ct. at 9, an application for an arrest warrant upon belief that a person obtained stolen property, *Sena*, at 264, and placing female troopers on restricted duty with no supportable medical basis, *Butner v. Dept. of State Police, et. al.*, 60 Mass.App.Ct. 461, 471, 803 N.E.2d 722 (2004), have all been found to have fallen short of the "extreme and outrageous" conduct that is required to support liability for intentional infliction of emotional distress.

By contrast, in those instances where conduct has been found to constitute grounds for a determination of liability, there is a significant difference in relation to the conduct complained of by Barnes. More particularly, continuous harassing phone calls and visits to an ill woman, *Boyle v. Welk, et. al.*, 378 Mass. 592, 593-4, 392 N.E.2d 1053 (1979), continuous failure of landlord to repair water and sewer leaks in an apartment, *Simon v. Solomon*, 385 Mass. 91, 95-97, 431 N.E.2d 556 (1982), public humiliation of an employee by accusing her of stealing with no foundation, *Agis v. Howard Johnson Co.*, 371 Mass. at 144-5, and superimposing fellow employee's face on pornographic material and distributing it, *Bowman v. Heller*, 420 Mass. 517, 522, 651 N.E.2d 369 (1995), are all clearly distinguishable from Pan Am's efforts to recoup its losses from the responsible party. Moreover, the mere allegation that Pan Am defamed Barnes is also not sufficient,

because without more, an allegation of tortious activity—absent a showing of extreme and outrageous conduct—cannot support a finding of liability for intentional infliction of emotional distress. *Tetrault,* at 466.

As a final note, the Counterclaim also fails to allege that the emotional distress allegedly suffered by Barnes as a result of Pan Am's actions was "severe" and of a nature that "no reasonable person could be expected to endure." *Tetrault*, at 466. Rather, the only allegations made in the Counterclaim are that Barnes has suffered physical and mental pain and distress, emotional suffering, anxiety, humiliation and embarrassment, and will allegedly continue to be distressed. Answer and Counterclaims, ¶ 60. While Pan Am acknowledges that the having one's ability questioned and being the defendant in a lawsuit may be a traumatic experience for some, it is also an experience that many people undergo. Moreover, the types of distress alleged by the complaint hardly go beyond what a "reasonable person could be expected to endure", and therefore also fail to meet to minimum standards to state a cause of action for intentional emotional distress.

## II. CONCLUSION

For the reasons set out above, the Fourth Counterclaim of Barnes' Answer and Counterclaims should be dismissed in its entirety.

**May 25, 2004**

6

Respectfully submitted,

Pan American Airways Corp.

By its attorney.

Dated May 25, 2004

John R. Nadolny
14 Aviation Avenue
Portsmouth, NH 03801
(603) 766-2002  Tel.
(603) 766-2094  Fax.
BBO# 544393

## **CERTIFICATE OF SERVICE**

I, Pamela J. Primeau, hereby certify that on May 25, 2004, I caused a copy of the foregoing documents to be served upon all parties of record by postage prepaid, overnight mail, to the following address:

> Peter Piel
> Law Office of Peter Piel
> 800 Turnpike Street, Suite 300
> North Andover, MA 01845

PAMELA J. PRIMEAU