UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 MAY 25 P 3: 56

U.S. DISTRICT COURT
DISTRICT OF MASS.

PAN AMERICAN AIRWAYS CORP.,            )
                                        )
   Plaintiff/Counter-Defendant          )
                                        )
v.                                      )   Case No. 04-CV-10515JLT
                                        )
ROBERT E. BARNES                        )
                                        )
   Defendant/Counter-Plaintiff          )
                                        )

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER
AND AFFRIMATIVE DEFENSES TO
DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM

Now comes the Plaintiff/Counter-Defendant, Pan American Airways Corp. ("Pan Am") by and through its attorney, and answers the Counterclaim of Defendant/Counter-Plaintiff Robert E. Barnes ("Defendant") as follows:

Count I - Defamation

34.   Admitted.

35.   Denied.

36.   Denied.

37.   Denied.

38.   Denied.

## Count II – Abuse of Process

39. Pan Am repeats and incorporates by reference its responses to paragraphs 34 through 38 of Defendant's Counterclaim as if set forth in their entirety herein.

40. Admitted.

41. Denied.

42. Admitted.

43. Pan Am admits that Defendant Barnes and Mr. Stalzer eventually went to work for the Federal Aviation Administration, but lacks knowledge of the date on which such employment began.

44. Pan Am denies that it named Stalzer as a Defendant and notes that the erroneous inclusion of his name in the caption of the case as originally filed does not constitute the naming of Stalzer as a defendant. The only defendant named in this action is Barnes.

45. Denied. See also answer to paragraph 44 above.

46. Denied.

47. Denied.

## Count III – Intentional Interference with Advantageous Business Relations

48. Pan Am repeats and incorporates by reference herein its responses to paragraphs 34 through 47 of Defendant's Counterclaim as if set forth in their entirety herein.

49. Pan Am admits that defendant resigned from his employment in July of 2003. Further answering Pan Am states that Defendant's stated reason for

resigning was his health, specifically his doctor's orders.

50. Pan Am lacks information as to the specific date on which Defendant became employed by the Federal Aviation Administration. Further answering, Pan Am admits that Defendant is employed by the Federal Aviation Administration.

51. Pan Am lacks the knowledge or information necessary to admit or deny the allegations set forth in paragraph 51 of Defendant's Counterclaim.

52. Pan Am admits that it became aware of Defendant's employment by the Federal Aviation Administration at some time after his departure from Pan Am, but denies that it had any knowledge of Defendant's employment by, or plans to obtain employment with, the Federal Aviation Administration at the time of his departure from Pan Am.

53. Denied.

54. Denied.

### Count IV – Intentional Infliction of Emotional Distress

Pan Am does not answer to paragraphs 55 through 60 of Defendant's Counterclaim at this time. Instead, Pan Am has submitted contemporaneously herewith its Motion to Dismiss Count IV of Defendant's Counterclaim.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Defendant's Counterclaim fails to state a claim upon which relief can be

3

granted.

### Second Affirmative Defense

The Defendant's claims are barred by the equitable doctrines of estoppel, unclean hands and/or waiver.

### Third Affirmative Defense

The Defendant's claims are barred by the doctrines of qualified or absolute immunity.

### Fourth Affirmative Defense

The Defendant's claims are barred by the doctrines of qualified or absolute privilege.

### Fifth Affirmative Defense

The Defendant's claims are barred by his failure to mitigate his damages, if any.

Plaintiff/Counter-Defendant also reserves the right to supplement its affirmative defenses and this action proceeds, if necessary or appropriate.

Wherefore, Pan Am respectfully requests that this Court grant it the following relief: 1) judgment in its favor on all counts of defendant's Counterclaim; 2) attorney's fees costs and interest as allowed by law; and 3) such other relief as this Court may deem just and proper.

                                                  Respectfully submitted,

                                                  Pan American Airways Corp.

                                                  By its attorney.

Dated May 25, 2004                                _/s/ John R. Nadolny_
                                                    John R. Nadolny
                                                    14 Aviation Avenue
                                                    Portsmouth, NH 03801
                                                    (603) 766-2002  Tel.
                                                    (603) 766-2094  Fax.
                                                    BBO# 544393