UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JUN 10 A 11: 03
U.S. DISTRICT COURT
DISTRICT OF MASS.

PAN AMERICAN AIRWAYS CORP.,    )
                              )
   Plaintiff/Counter-Defendant )
                              )
v.                            )  Case No. 04-CV-10515JLT
                              )
ROBERT E. BARNES              )
                              )
   Defendant/Counter-Plaintiff )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT/COUNTER-PLAINTIFF'S MOTION IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS COUNT IV OF DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM.

### STATEMENT OF FACTS

On May 25, 2004, Plaintiff/Counter-Defendant has filed a motion to dismiss Count IV of Defendant/Counter-Plaintiff's counterclaim.

Defendant/Counter-Plaintiff has moved pursuant to Fed. R. Civ. P. 7(b) and Local Rule 7.1, to dismiss Plaintiff/Counter-Defendant's motion to dismiss Count IV of Defendant/Counter-Plaintiff's counterclaim. The motion in opposition to Plaintiff/Counter-Defendant's motion to dismiss Count IV of Defendant/Counter-Plaintiff's counterclaim is supported by this Memorandum of Law and Defendant/Counter-Plaintiff's Affidavit.

In Plaintiff/Counter-Defendant's complaint and its motion to dismiss Count IV of Defendant/Counter-Plaintiff's counterclaim, Plaintiff/Counter-Defendant alleges disputed facts.

## ARGUMENT

Plaintiff/Counter-Defendant in footnote 1 of its argument cites "Because this Court's jurisdiction over this action is based upon diversity of citizenship, Massachusetts substantive law must be applied. 28 U.S.C § 1332. Crellin Technologies, Inc. v. Equipment Lease Corp., 18 F.3d 1,4 (1st Cir. 1994)"

While Plaintiff/Counter-Defendant 's statement is true, it does not apply to its motion made under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court must apply Massachusetts substantive law, but procedurally apply the Federal Rules of Civil Procedure and this Court's Local Rules. [1]

Plaintiff/Counter-Defendant motion concerns Defendant/Counter-Plaintiff 's complaint made in Federal Court under Rule 8 of the Federal Rules of Civil Procedure.

None of the cases cited by the Plaintiff/Counter-Defendant in its motion were decided under Federal Procedure and are therefore inappropriate for purpose of its motion made under the Federal Rules of Civil Procedure.

Even if the cases cited by Plaintiff/Counter-Defendant had been appropriate, they would have been inapplicable, as the majority of the cases were decided after discovery had taken place and would not support Plaintiff/Counter-Defendant's motion to procedurally dismiss Defendant/Counter-Plaintiff's claim.

---

[1] FRCP Rule 1 These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action. LR Rule 1.2 (a) These rules shall apply to all proceedings in the United States District Court for the District of Massachusetts.

Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456 was decided under Massachusetts Rules of Civil Procedure and on summary judgment where there was no genuine issue of material fact.

In Simon v. Solomon, 385 Mass. 91 a decision was made on appeal after completion of trial.

In Boyle v. Wenk, 378 Mass. 592 the court decided on appeal after a full trial and based on evidence presented at trial. The Court in Boyle states that "[plaintiff] ignores the fact that the jury are entitled to draw reasonable inferences from the totality of the circumstances." Id at 595.

In George v. Jordan Marsh Co., 359 Mass. 244 the court notes that "the plaintiff is entitled to an opportunity to prove the allegations she has made." Id at 255.

None of these cases support the argument that a pleading made under the Federal Rules can be dismissed on a motion made under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff/Counter-Defendant in its Argument cites Agis v. Howard Johnson Co., 371 Mass. 140, 355 N.E.2d 315 (1976), a case decided under Massachusetts Rules of Civil Procedure, where the court denied defendant's motion to dismiss under MassRCivP Rule 12(b)(6) and allowed plaintiff to proceed with her claim.

In Agis the court decided that a cause of action for Intentional Infliction of Emotional Distress exists even where there is no resulting bodily injury. The plaintiff in Agis was publicly humiliated when her employer publicly accused her of stealing.

Defendant/Counter-Plaintiff's complaint was made under Rule 8 of the Rules of Federal Procedure.

A complaint in Federal Court under Rule 8 is a notice pleading and the "purpose of pleading is to give notice of what an adverse party may expect to meet, rather than to frame issues." Kellogg Co. v. National Biscuit Co. (1941, DC NJ) 38 F. Supp. 643.; Battin Amusement Co. v. Cocalis Amusement Co. (1941, DC NJ) 1 FRD 769.

"The object of the pleading is to give the opposite party notice of the claim that will be made against him or the defense that will be interposed." United States v. Johns-Manville (1941, DC Ill) 67 F. Supp. 291.

Defendant/Counter-Plaintiff in his complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). In Swierkiewicz v. Sorema NA., 534 U.S. 506 (2002), the United States Supreme Court in a unanimous decision held that in an employment discrimination case no specific facts needed to be included in the complaint, and need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

## CONCLUSION

For the reasons and based on the law set forth above, Defendant/Counter-Plaintiff's motion in opposition to Plaintiff/Counter-Defendant's motion should be granted and Plaintiff/Counter-Defendant should be compelled to answer Count IV of Defendant/Counter-Plaintiff's counterclaim.

June 10, 2004

Dated: June 10, 2004

Respectfully submitted,

*Pete Piel*

---
Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070

## Certificate of Service

I, Peter Piel, hereby certify that a true copy of the above document was served upon John Nadolny, the attorney of record for the plaintiff, by U.S. mail, postage prepaid on this 10TH day of June 2004.

*Peter Piel*

Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070