## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **PAN AMERICAN AIRWAYS CORP.,** ) | |
| ) | |
| **Plaintiff/Counter-Defendant** ) | |
| ) | |
| v. ) | **Case No. 04-CV-10515JLT** |
| ) | |
| **ROBERT E. BARNES** ) | |
| ) | |
| **Defendant/Counter-Plaintiff** ) | |
| ) | |

## MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND IV OF PLAINTIFF/COUNTER-DEFENDANT'S AMENDED COMPLAINT.

### STATEMENT OF FACTS

Plaintiff/Counter-Defendant is a Florida corporation with its principal place of business in the state of New Hampshire. Complaint, ¶ 1.

Defendant/Counter-Plaintiff, Robert Barnes, is an individual residing in Massachusetts. id., ¶ 2.

This court has diversity jurisdiction. Id., ¶ 3.

Plaintiff/Counter-Defendant in Count I of its amended complaint alleges that Robert Barnes intentionally failed to perform his duties to properly inspect, maintain and/or preserve the value of Plaintiff/Counter-Defendant's property. Complaint, ¶ 12.

Plaintiff/Counter-Defendant alleges damages as a direct result of this alleged failure. Id., ¶ 13.

Plaintiff/Counter-Defendant in Count IV of its amended complaint alleges the tort of conversion. Complaint ¶ 22-25.

ARGUMENT

Plaintiff/Counter-Defendant in its amended complaint alleges intentional damage to property in Count I and conversion in Count IV. Intent is an essential element to each of these claims.

The Restatement (Second) of Torts § 222A defines the tort of conversion as the intentional "exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." According to Salmond, Law of Torts, 10th ed. 1945, 286, conversion is "an act of wilful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession."

In Massachusetts the required elements to establish a prima facie conversion claim are explained as "One who intentionally and wrongfully exercises acts of ownership, control or dominion over personal property to which he has no right of possession at the time is liable for the tort of conversion. Joseph R. Nolan & Laurie J. Santono 37 Mass. Practice: Tort Law, 55 (2[nd]. Ed. 1989) at 65 citing Spooner v. Manchester, 133 Mass. 270, 274 (1882)

Nothing in Plaintiff/Counter-Defendant's claim supports the notion that Robert E. Barnes at any time intended to do any damage to Plaintiff/Counter-Defendant's property, furthermore, Plaintiff/Counter-Defendant in its conversion claim does not even allege intent, merely negligence, however, conversion requires intent. "A conversion can result only from the conduct intended to affect the chattel. For merely negligent interference with it, such as failure to protect it against loss, damage or theft, the remedy is an action for negligence; but there is no conversion, and trover would not lie." Prosser And Keeton On The Law Of Torts § 15, at 92 & n.36 (5th ed. 1988).

Defendant/Counter-Plaintiff in his affidavit affirms that  he did not intend to do any damage, or deprive Plaintiff/Counter-Defendant of the use of any of its property or possessory rights. Intent is an essential element to each of these claims. "A complete failure of proof concerning an essential element of the non-moving party's case renders all other facts immaterial and mandates summary judgment in favor of the moving party." Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex Corp. v. Catrett, 477 US 317, 323 (1986).

CONCLUSION

For the reasons  and based on the law set forth above, Counts I and IV of Defendant/Counter-Plaintiff's amended complaint should be dismissed in its entirety.

September 21, 2004

Respectfully submitted,

Dated: September 21, 2004

Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070