UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAN AMERICAN AIRWAYS CORP., )
)
    Plaintiff/Counter-Defendant, )
)
v. )
) C.A. No. 04-CV-10515-JLT
ROBERT E. BARNES, )
)
    Defendant/Counter-Plaintiff. )
)

**MEMORANDUM IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT'S REPLY IN OPPOSITION TO DEFENDANT-COUNTER-PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I. INTRODUCTION

### A. Factual Background

Plaintiff/Counter-Defendant Pan American Airways Corporation ("Pan Am") is a Florida corporation with a principal place of business located at 14 Aviation Avenue, Portsmouth, New Hampshire. Complaint, ¶ 1. Defendant/Counter-Plaintiff Robert E. Barnes ("Barnes") is citizen of Massachusetts who was previously employed by Pan Am as its Managing Director of Technical Operations from February, 2002 to April 2002 and as Pan Am's Vice President of Maintenance from April, 2002 through July, 2003. Complaint, ¶ 2.

In February of 2002, Pan Am purchased from United Airlines, and began taking delivery of, certain Boeing 727 aircraft (the "Aircraft") and engines (the "Engines") installed thereon. Complaint, ¶ 5. Barnes participated in the process of accepting

1

delivery of the Aircraft and Engines. Complaint, ¶ 6. The Federal Aviation Administration ("FAA") has informed Pan Am that, subsequent to their acquisition by Pan Am., the Aircraft and Engines were not preserved in accordance with the practices required by the applicable manuals. Complaint, ¶ 7. The FAA has further asserted that because of such inadequate preservation, the Aircraft and Engines are not considered fit for use by Pan Am absent certain additional maintenance and inspection which would not have been necessary had the Aircraft and Engines been adequately inspected and preserved upon receipt. Id. At all relevant times, Barnes was responsible for the oversight and management of Pan Am's Maintenance Department, including, but not limited to the task of inspecting the Aircraft and Engines upon arrival at Pan Am and ensuring the proper preservation of the Aircraft and Engines subsequent to their receipt by Pan Am. Complaint, ¶ 9. Barnes has asserted that he has extensive experience with aircraft maintenance in his resume, which would entail that Mr. Barnes knew, or should have known, of the proper maintenance and preservation requirements for the Aircraft and Engines, and that by failing to follow those requirements, substantial harm to the Aircraft and Engines would result. Declaration of Steven F. Legere, ¶ 6, Exhibit A.

## II.   ARGUMENT

### A. Summary Judgment Standard:

"The purpose of summary judgment is 'to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90 (1st Cir., 1993). "Where, as here, the moving party does not have the burden of proof at trial, that party must make a showing that the evidence is insufficient to support the nonmoving party's case." *Hayes v. Douglas Dynamics, Inc.*, 8

F.3d at 90. "Once this showing has been made, it is up to the nonmoving party to establish the existence of a genuine disagreement as to some material fact." Id. Genuine means that the evidence could permit a reasonable jury to return a verdict for the nonmoving party, and a material fact is one which could affect the outcome of the litigation under governing law. Id. "Summary judgment is appropriate only if the 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Morrissey v. Boston Five Cents Savings Bank, et. al.*, 54 F.3d 27, 31 (1st Cir. 1995).

**B. There is a genuine issue of material fact as to whether Barnes intentionally failed to properly perform his duties.**

Relying solely upon his own affidavit, Barnes has moved for Partial Summary Judgment as to Counts I and IV of the amended complaint (the "Motion"), essentially claiming that because he says that he did not act intentionally, then no reasonable jury could decide otherwise. Of course, this analysis misses the point on at least three levels, and for that reason the Motion should be denied.

First, Barnes is premature in claiming that there can be no genuine issue of material fact as to whether he intentionally failed to perform his duties, as absolutely no discovery has taken place in this matter. Indeed, the Motion was filed on September 21, 2004, some four days after this Court issued its Discovery Order requiring the parties to have exchanged preliminary discovery materials in accordance with Rule 26 of the Rules of this Court. Notwithstanding this Court's order, Barnes apparently believes that the issue of whether he was acting intentionally is so simple that it can be resolved solely by

3

his affidavit, untested by even the slightest amount of discovery. Plainly, on an issue as important to the allegations made by Pan Am in the amended complaint as this, Pan Am should at the very least be afforded the opportunity to test the validity of Barnes' affidavit through discovery prior to summary judgment being entered.

Secondly, the facts of this matter also raise a genuine issue as to whether Barnes was acting intentionally or not in his failure to perform his duties. More particularly, Barnes occupied senior positions within Pan Am, positions to which he was appointed based upon his assertions of extensive experience in the maintenance and inspection of aircraft. Complaint, ¶ 2, Declaration of Steven F. Legere, ¶ 6, Exhibit A ("Legere Declaration"). This extensive experience outlined in his resume establishes that Barnes either knew or should have known that his failure to properly inspect, maintain and/or preserve the Aircraft and Engines would cause significant harm to Pan Am. Legere Declaration, ¶ 6. Accordingly, given Barnes' professed experience and the almost total lack of any inspection, maintenance and/or preservation of the Aircraft and Engines in accordance with generally known requirements, it is clear that a reasonable jury could decide that Barnes was indeed intentionally failing to perform his duties.

Third, Barnes relies upon several secondary sources to establish that a cause of action for conversion requires a showing of intent to affect the property. However, notwithstanding the secondary sources relied upon by Barnes, Massachusetts case law clearly recognizes a cause of action for conversion where somewhat less than intentional behavior is alleged. More particularly, actual court decisions—decisions handed down more recently than the secondary sources cited by Barnes—establish that a cause of action for conversion can be established by a showing that the defendant "intentionally *or*

wrongfully exercised acts of ownership, control or dominion over personal property to which he has not right of possession at the time..." *Bleicken v. Stark,* 61 Mass.App.Ct. 619, 622 (Mass. App. Div. Barnstable County, 2004), *Kelly v. Dubrow,* 2001 WL 287490, 3 (Mass. App. Div. Southern District, 2001) (*emphasis added*). Obviously, if an allegation of intentional behavior were necessary to support a claim for conversion, there would be no need to add the alternative allegation of wrongfulness to support such a claim. In any event, as discussed previously, it is very much an open question as to whether Barnes was acting intentionally in failing to perform his duties, and therefore the Motion should be denied, at least until Barnes' assertions can be tested by discovery.

### III.  CONCLUSION

For the reasons stated herein, Pan Am respectfully requests that Barnes' Motion for Partial Summary Judgment be denied.

Respectfully submitted,

*/s/ John R. Nadolny/*

John R. Nadolny (BBO# 544393)
14 Aviation Avenue
Portsmouth, NH 03801
(603) 766-2002

Attorney for Plaintiff/Counter-Defendant
Pan American Airways Corporation

October 4, 2004