UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAN AMERICAN AIRWAYS CORP., <br><br> Plaintiff/Counter-Defendant <br><br> v. <br><br> ROBERT E. BARNES <br><br> Defendant/Counter-Plaintiff | Case No. 04-CV-10515JLT |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE FACTS 1 THROUGH 5 AND FACT 8 OF PLAINTIFF'S STATEMENT OF MATERIAL FACTS AND REQUEST TO FILE REPLY BRIEF TO PLAINTIFF'S REPLY TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

STATEMENT OF FACTS

On October 4, 2004, Plaintiff/Counter-Defendant, hereinafter referred to as "PanAm", has filed its reply in opposition to the motion for partial summary judgment of Defendant/Counter-Plaintiff, hereinafter "Barnes". In support for its motion, PanAm filed a memorandum, a statement of material facts and a "Declaration Of Steven Legere". Mr. Legere's declaration is based on "belief" and not on personal knowledge or observation. Declaration of Steven Legere, ¶ 6. All facts in PanAm's statement of material facts, with the exception of fact number 6 and fact number 7, are taken from the original complaint and are not supported by affidavit. PanAm's complaint is not a verified complaint.

## ARGUMENT

PanAm, under Local Rule 56.1 is required to file any documents referenced in its statement of material facts to be filed as exhibits. Exhibits submitted with the motion should be introduced through an affidavit, or they may not he considered with the motion. Cerqueira v. Cerqueira, 828 F.2d 863, 865 (1st Cir. 1987). Facts 1 through 5 and fact 8 of PanAm's statement of material facts' sole references are to plaintiff's complaint and are not supported by an affidavit.

While a verified complaint can be used in place of an affidavit, PanAm's complaint is not a verified complaint as it does not satisfy the three requirements established in Rule 56 for supporting or opposing affidavits. Sheinkopf v. Stone, 927 F.2d 1259, 1262 (1st Cir. 1991); Celtic Dev. Corp. v. FDIC, 836 F.Supp. 926, 929 (D.Mass. 1993); McKinley v. Afram Lines (USA) Co., 834 F.Supp. 510, 512 (D.Mass. 1993).

Plaintiff in its statement of material facts merely re-iterates its allegations already made in its original complaint, neither of which, with the exception of facts 6 and 7, are supported by documentation or by sworn testimony or affidavit under the pains and penalty of perjury. Plaintiff's complaint is not a verified complaint and none of the allegations made in it rise to the level of fact.

## CONCLUSION

For the reasons and based on the law set forth above, facts 1 through 5 and fact 8 of Plaintiff's statement of material facts should be stricken.

October 12, 2004

Respectfully submitted,

Dated: October 12, 2004

*Peter Piel*
Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070

## Certificate of Service

I, Peter Piel, hereby certify that a true copy of the above document was served upon John Nadolny, the attorney of record for the plaintiff, by U.S. mail, postage prepaid on this 12th day of October 2004.

_____
Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070