UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAN AMERICAN AIRWAYS CORP.,

    Plaintiff/Counter-Defendant

v.                                             Case No. 04-CV-10515JLT

ROBERT E. BARNES

    Defendant/Counter-Plaintiff

## DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S REPLY TO BARNES' MOTION FOR PARTIAL SUMMARY JUDGMENT.

### 1.) Steve Legere's Declaration

Plaintiff's only supporting documentation for its motion in opposition to Defendant's partial summary judgment motion is the declaration of Steven Legere. Although, Rule 56(e) of the Federal Rules of Civil Procedures requires that affidavits must be made on personal knowledge, Steve Legere's declaration is only based on "belief". In ¶¶ 1-5 of his declaration Legere establishes his qualifications and only introduces one fact in ¶ 6. That fact is based on "believe" and not "personal knowledge", and thus should be disregarded in considering the motion for summary judgment.

Should the court chose to accept, as a supporting affidavit, Steve Legere's declaration, despite the fact that the declaration is not based on actual knowledge, the Defendant submits to the court that the only statement of fact in the declaration relevant to the case is Statement No. 6, which

states that Robert Barnes, or someone in a like position with similar qualifications, would have known, or should have known of adverse consequences of improper maintenance. This statement neither refute Barnes' facts in his affidavit that he did not intentionally cause any damage to Plaintiff's property nor does it use the proper standard of proof to show intent.

Plaintiff's supporting declaration and its memorandum Plaintiff alleges that Barnes "would have known or should have known" of the effects of improper maintenance. This is not the standard required to show intent, but the standard of proof needed to show negligence.

2.) Plaintiff's Supporting Memorandum

Plaintiff in its argument raises three points, first it dismisses Barnes' affidavit and asks the court, without the showing of any likelihood of finding any credible evidence, to be allowed to go on a "fishing expedition" and try to discover facts that it does not have in the hope that it would be able to find something during discovery. A good faith belief is required, that discovery would bring admissible evidence to light that could be used at trial, the discovery process is not meant to be a "fishing expedition". Second, Plaintiff uses the standard of proof for negligence to support its assertion that Barnes intentionally damaged plaintiff's property. Neither Plaintiff's declaration nor its supporting memorandum allege that Plaintiff intentionally damaged plaintiff's property. Plaintiff's assertion that Barnes intentionally failed to perform his duties, does not amount to a specific intent to cause damage. Plaintiff erroneously uses the negligent standard in an attempt to show intent.

Third, Plaintiff in its last point to support its conversion claim, cites cases where a defendant "wrongfully exercised acts of ownership, control or dominion over personal property to which he has no right of possession at the time..." Bleicken v. Stark, 61 Mass.App.Ct. 619, 622 (Mass. App. Div. Barnstable County, 2004), Kelly v. Dubrow, 2001 WL 287490, 3(Mass.App.Div. Southern District, 2001). Obviously, the cited cases do not apply to this case,

and do not support Plaintiff's conversion claim, as Barnes, in order to perform his job, had a right to have control over Plaintiff's property. Plaintiff's third and last point directly contradicts its own claim that Barnes had a duty and obligation to maintain Plaintiff's aircraft and aircraft engines. Complaint ¶ 9.

Plaintiff cannot have it both ways, arguing that Barnes had no right to possession or control over plaintiff's property and at the same time asserting that Barnes had a duty to preserve and maintain its property.

Nowhere in its complaint or any supporting memoranda does Plaintiff allege that the Defendant himself damaged Plaintiff's property, or gave an order to damage property. At most, Plaintiff's claim of intentionally failing to do ones duty amounts to an allegation of negligence, and not intent.

## CONCLUSION

Plaintiff has not shown any valid reasons why Defendant's Motion for partial summary judgment should not be granted, Plaintiff's reply should be disregarded and Defendant's Motion for partial summary judgment should be granted.

October 12, 2004

Respectfully submitted,

Dated: October 12, 2004

*Peter Piel*
Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070

<u>Certificate of Service</u>

I, Peter Piel, hereby certify that a true copy of the above document was served upon John Nadolny, the attorney of record for the Plaintiff, by U.S. mail, postage prepaid on this 12th day of October 2004.

*Pete Piel*
Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070