UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 29 A 11: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| PAN AMERICAN AIRWAYS CORP., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v.  ) | Case No. 04-CV-10515 JLT |
| ) | |
| ROBERT E. BARNES, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

### PLAINTIFF/COUNTERDEFENDANT'S CONSOLIDATED REPLY

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and Rules 7.1(b) of the Rules of this Court, Plaintiff/Counter-Defendant Pan American Airways Corporation ("Pan Am") hereby replies on a consolidated basis to the Motion to Strike Facts 1 Through 8 of Plaintiff's Statement of Material Facts and Motion to Disregard Plaintiff's Declaration in Support of its Reply filed by the Defendant/Counter-Plaintiff Robert E. Barnes ("Barnes").

### A. CONSOLIDATED REPLY

On October 14, 2004, Barnes served upon Pan Am two motions taking issue with Pan Am's Opposition to Barnes' Motion for Partial Summary Judgment. In each of these motions, Barnes takes issue with Pan Am's use of the Declaration of Steven F. Legere ("Legere Declaration") to introduce disputed issues of material fact into the record, relying upon the language of F.R.C.P. 56.1 referencing the use of affidavits to establish genuine issues of material facts. Apparently, Barnes is unaware that unsworn

declarations may be used in place of affidavits for purposes of summary judgment, provided the declaration is signed under the pains and penalties of perjury. *28 U.S.C. § 1746(2), Matsuda v. Wada,* 101 F.Supp.2d 1315 (D. HI 1999).

Notwithstanding the propriety of the use of a declaration in opposition to a motion for summary judgment, however, Barnes does point out the difficulty that Pan Am is having to submit genuine issues of material fact, a difficulty that Pan Am does not deny. Nevertheless, as more particularly described in the accompanying Motion to Permit Additional Discovery ("Rule 56(f) Motion"), Pan Am submits that this difficulty is not due to the fact that disputed issues of material fact exist, but rather do to the fact that Pan Am has not been permitted to conduct *any* discovery to date.

Accordingly, Pan Am respectfully requests that this Court permit additional discovery in this matter, for the reasons outlined in the attached Rule 56(f) Motion.

**October 28, 2004**

                                                        Respectfully submitted,

                                                        John R. Nadolny (BBO# 544393)
                                                        14 Aviation Avenue
                                                        Portsmouth, NH 03801
                                                        (603) 766-2002
                                                        jnadolny@flypanam.com

                                                        *Attorney for Plaintiff/Counter-Defendant*
                                                        *Pan American Airways Corporation*