UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAN AMERICAN AIRWAYS CORP., )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>vi. )<br>)<br>ROBERT E. BARNES, )<br>)<br>Defendant/Counter-Plaintiff. )<br>) | Case No. 04-CV-10515 JLT |

PLAINTIFF/COUNTERDEFENDANT'S
MEMORANDUM IN SUPPORT OF ITS
MOTION PURSUANT TO F.R.C.P. 56(f)

### I.  FACTUAL BACKGROUND

The genesis of this action arises from the acquisition and acceptance of delivery of certain Boeing 727 aircraft (the "Aircraft") and their engines (the "Engines") by Plaintiff/Counter-Defendant Pan American Airways Corporation ("Pan Am"), a process in which Defendant/Counter-Plaintiff Robert E. Barnes ("Barnes") participated. Plaintiff's First Amended Complaint ("Complaint"). ¶¶ 5-6. The Federal Aviation Administration ("FAA") has advised Pan Am that, subsequent to their acquisition by Pan Am that, subsequent to their acquisition by Pan Am, the Aircraft and Engines were not preserved in accordance with practices required under the applicable manuals. Complaint, ¶ 7. During this period, Barnes held the position of Vice President of Maintenance for Pan Am, with responsibility for oversight and management of the Maintenance Department, including but not limited to, the task of inspecting the Aircraft and Engines upon arrival at Pan Am and ensuring the proper preservation of the Aircraft

and Engines. Affidavit of Steven F. Legere ("Legere Affidavit"), ¶ 3. As part of this duties, Barnes also had responsibility to ensure that the Aircraft and Engines were properly inspected, maintained and/or preserved. Legere Affidavit, ¶ 4. The applicable manuals that govern inspection, maintenance and preservation of the Aircraft and Engines are specific and require that certain, specific steps be taken to properly inspect, maintain and/or preserve the Aircraft and Engines. Id., ¶ 5. As Vice President of Maintenance, Barnes would be required to establish the protocols to ensure proper inspection, maintenance and/or preservation of the Aircraft and Engines, as well as ensuring that these protocols were being followed. Id., ¶ 6. Pan Am's records indicate that the requirements of the applicable manuals governing inspection, maintenance and/or preservation of the Aircraft and Engines were not followed, but do not disclose the reasons why these requirements were not followed. Id., ¶ 7. Most of the members of the Maintenance Department management team who worked closely with Barnes—and would therefore be likely to have some insight as to why these requirements were not followed—have since left Pan Am, including several members identified by Barnes as being necessary parties to this action as well as parties that Barnes himself intends to depose. Id, ¶ 8, and Exhibit A hereto. No remaining personnel at Pan Am were in a position to know the reasons why the Aircraft and Engines were not properly inspected, maintained and/or preserved. Id., ¶8.

## II.     ARGUMENT

"When properly invoked, Rule 56(f) allows a party opposing summary judgment additional time to conduct discovery on matters related to the motion." *C.B. Trucking, Inc. v. Waste Management, Inc., et. al.*, 137 F.3d 41, 44 (1st Cir. 1998). The requirements

for a successful motion under Rule 56(f) are not concrete, though a party must meet certain minimum requirements. *C.B. Trucking, Inc. v. Waste Management, Inc., et. al.*, 137 F.3d at 44, *Resolution Trust Corp., v. North Bridge Associates, Inc., et. al.*, 22 F.3d 1198, 1203 (1st Cir. 1994). First, a party at a minimum must ask the court to refrain from acting on the summary judgment motion until additional discovery can be taken. *Id.* Second, the party relying upon Rule 56(f) must demonstrate that it was diligent in pursuing discovery before the summary judgment motion arose. *Id.* Third, the party must present a plausible basis for believing that specified facts, capable of being ascertained within a reasonable time, probably exist. *Id.* Finally, the request for relief pursuant to Rule 56(f) should be brought by motion or affidavit in a timely manner, though there is no fixed time limit in which to bring such a motion or submit an affidavit. *Resolution Trust Corp. Inc. v. North Bridge Associates, Inc., et. al.*, 22 F3d at 1203, 1204. Unless the movant has been dilatory, or the court reasonably concludes that the motion is a stalling tactic or an exercise in futility, it should be treated liberally. *Id.*

Applying these factors to the instant action, it is clear not only that Barnes is premature in bringing the motion for partial summary judgment, but also that Pan Am should be permitted to undertake reasonable discovery to develop additional facts with which to oppose the motion. In the first instance, Pan Am has already requested that this Court refrain from ruling on Barnes' motion in its reply, although not by expressly invoking the authority of Rule 56(f), which is not an absolute requirement. *Paterson-Leitch Co., Inc. v. Mass. Municipal Wholesale Electric Co., et. al.*, 840 F.2d 985, 988 (1st Cir. 1988) ("The statement must be made, if not be affidavit, then…by written representations of counsel subject to the strictures of Fed. R. Civ. P. 11"). Nevertheless,

out of an abundance of caution, Pan Am is bringing this motion with supporting affidavit, as Pan Am's review of its records do not indicate why the Aircraft and Engines were not repaired, and those personnel who could shed some light on the situation have since left. Legere Affidavit, ¶¶ 7, 8.

Additionally, it cannot be disputed that Pan Am has been diligent in its discovery efforts, and that this motion is not a stalling tactic to delay partial summary judgment. More particularly, Pan Am did not have any opportunity to conduct discovery prior to receipt of Barnes' motion, as the motion was filed only four days after this Court issued its Discovery Order requiring the parties to exchange preliminary discovery materials in accordance with Rule 26 of the Rules of Federal Procedure. Also, Barnes—through his attorney—has agreed that the *First Phase* of written discovery requests need not be completed until December 31, 2004, and that the *First Phase* of Depositions need not be completed until February 28, 2004. *Joint Pre-Trial Scheduling Statement.* Obviously, since the voluntary deadlines agreed to by the parties are not near expiration, Pan Am could not have been remiss in conducting discovery. In short, Pan Am is not requesting that it be permitted to perform *additional* discovery, Pan Am is simply requesting the opportunity to conduct *any* discovery.

Third, after additional review of Pan Am's records, it is clear that no proper inspection, maintenance and/or preservation was performed on the Aircraft and Engines, though these records do not disclose why these actions were not taken. Further, the majority of the personnel who were in a position to know why this work was not properly conducted—including Barnes himself—have since left Pan Am, leaving Pan Am with little recourse to examine the motives for the improper inspection, maintenance and/or

preservation of the Aircraft and Engines during Barnes' tenure with Pan Am. However, Pan Am does believe that it is likely that discovery will show that Barnes was well aware of the requirements of the applicable manuals, and that these requirements were not being followed. Accordingly, Pan Am submits that it is likely that discovery will show that Barnes intentionally failed to properly inspect, maintain and/or preserve the Aircraft and Engines.

### III. CONCLUSION

In light of the premature nature of Barnes' motion for partial summary judgment, including the fact that Pan Am had no opportunity to conduct any meaningful discovery before the motion was filed, Pan Am respectfully requests that this Court withhold any determination until such time as Pan Am can supplement its response through discovery.

October 28, 2004                                Respectfully submitted,

                                                /s/ John R. Nadolny
                                                John R. Nadolny (BBO#544393)
                                                14 Aviation Avenue
                                                Portsmouth, NH 03801
                                                (603) 766-2002
                                                jnadolny@flypanam.com

                                                Attorney for Plaintiff/Counter-Defendant
                                                Pan American Airways Corp.