UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAN AMERICAN AIRWAYS CORP., )
                            )
    Plaintiff/Counter-Defendant )
                            )
v.                          )    Case No. 04-CV-10515JLT
                            )
ROBERT E. BARNES            )
                            )
    Defendant/Counter-Plaintiff )
                            )

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I AND IV OF PLAINTIFF'S AMENDED COMPLAINT.

STATEMENT OF FACTS

Plaintiff's amended complaint is not a verified complaint. Plaintiff's Count I of its complaint alleges intentional damage to property. Complaint, ¶ 10-13. Count IV alleges Conversion. Complaint, ¶ 22-25. On 09/23/04 Defendant, Robert Barnes, filed a motion for Partial Summary Judgment on Plaintiff's Counts I and IV, supported by a Memorandum of Law and an affidavit by Mr. Barnes, asking this court to rule, as a matter of law, in favor of Mr. Barnes. Defendant's motion for partial summary judgment was dismissed without prejudice subject to refiling after the completion of discovery, to give Plaintiff the opportunity to discover facts needed to support its allegations. Court Order of 11/02/04. On October 5, 2004 Plaintiff filed a Reply In Opposition To Defendant's Motion For Partial Summary Judgment, accompanied by a

Statement Of Material Facts and a "Declaration Of Steven Legere". All "facts" in Plaintiff's Statement Of Material Facts, with the exception of facts number 6 and 7, were copied from the original complaint without a supporting affidavit. PanAm's complaint is not a verified complaint. "Facts" number 6 and 7 are supported by Mr. Legere's declaration, which is based on "belief" and not on personal knowledge or observation, as is mandated by the Federal Rules of Civil Procedure. Declaration of Steven Legere, ¶ 6.

"Facts" number 6 and 7 use a "negligence" standard to show "intent". Declaration of Steven Legere, ¶ 6.

On 10/15/05 Defendant filed motions to strike Plaintiff's facts 1-5 and to disregard Plaintiff's declaration. Both motions were accompanied by supporting memoranda.

## ARGUMENT

Plaintiff, Pan American Airways, Inc. (PanAm) in its complaint alleges "Intentional Damage", but uses the negligence standard of duty, breach and causation to support its allegation. Even if defendant had intentionally failed to perform his duty, as PanAm alleges, this failure would merely result in a breach of duty to his employer and would not amount to an intentional act to cause damage.

In its Count IV, PanAm alleges conversion, again using "negligent supervision" as its standard to support the intentional tort claim of conversion.

The Restatement (Second) of Torts § 222A defines the tort of conversion as the intentional "exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly he required to pay the other the full value of the

chattel" According to Salmond, Law of Torts, 10 ed. 1945, 286, conversion is "an act of wilful interference with a chattel, done without. lawful justification, by which any person entitled thereto is deprived of use and possession"

In Massachusetts the required elements to establish a prima facie conversion claim are explained as "One who intentionally and wrongfully exercises acts of ownership, control or dominion over personal property to which he has no right of possession at the time is liable for the tort of conversion. Joseph R. Nolan & Laurie J. Santono, 37 Mass. Practice: Tort Law, 55 (2nd ed. 1989) at 65 citing Spooner v. Manchester, 133 Mass. 270, 274 (1882)

Nothing in Plaintiff's claim supports the notion that the defendant at any time intended to do any damage to Plaintiff's property, furthermore Plaintiff in its conversion claim merely alleges negligence, while conversion requires intent. "A conversion can result only from the conduct intended to affect the chattel. For merely negligent interference with it, such as failure to protect it against loss, damage or theft, the remedy is an action for negligence; but there is no conversion, and trover would not lie." Prosser And Keeton On The Law Of Torts § 15, at 92 & n.36 5th ed. 1988).

Defendant in his affidavit, filed with this court on 9/23/2004, affirms that he did not intend to do any damage or deprive Plaintiff of the use of any of its property or possessory rights. Intent is an essential element to each of these claims. A complete failure of proof concerning an essential element of the non-moving party's case renders all other facts immaterial and mandates summary judgment in favor of the moving party." Kourouvacilis v, General Motors Corp., 410 Mass. 706,7 10991). citing Ceiotex Corp. v. Catrett. 477 US 317, 323 (1986).

The Discovery period has run out, and Plaintiff has not produced any facts in support of its claim of intentional damage or conversion.

Plaintiff's original motion in opposition to Defendant's motion for partial summary judgment should be disregarded, as plaintiff, under Local Rule 56.1 was required to file any documents referenced in its statement of material facts to be filed as exhibits. "Exhibits submitted with the motion should be introduced through an affidavit, or they may not he considered with the motion." Cerqueira v. Cerqueira, 828 F.2d 863, 865 (1st Cir. 1987). Plaintiff's facts 1 through 5 and fact 8 of its Statement Of Material Facts were not supported by an affidavit and solely referenced back to Plaintiff's complaint, which was not a verified complaint.

While a verified complaint can be used in place of an affidavit, PanAm's complaint is not a verified complaint as it does not satisfy the three requirements established in Rule 56 for supporting or opposing affidavits. Sheinkopf v. Stone, 927 F.2d 1259, 1262 (1st Cir. 1991); Celtic Dev. Corp. v. FDIC, 836 F.Supp. 926, 929 (D.Mass. 1993); McKinley v. Afram Lines (USA) Co., 834 F.Supp. 510, 512 (D.Mass. 1993).

Plaintiff in its statement of material facts simply regurgitated its allegations previously made in its original complaint, neither of which, with the exception of facts 6 and 7, were supported by documentation or by sworn testimony nor by affidavit under the pains and penalty of perjury. Plaintiff's complaint is not a verified complaint and none of the allegations made in it rise to the level of fact. Facts 6 and 7 were not supported by a declaration based on personal knowledge or observation, as is required by Rule 56 of the Federal Rules of Civil Procedures, but on mere "belief". Furthermore, Plaintiff's declaration does not show intent, but simply alleges negligence to support its intent claim.

## CONCLUSION

For the reasons and based on the law set forth above, Defendant's motion for partial summary judgment on Counts I and IV of Plaintiff's complaint should be granted.

June 30, 2005

Respectfully submitted,

Dated: June 30, 2005

*Peter Piel*
_____
Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070

## Certificate of Service

I, Peter Piel, hereby certify that a true copy of the above document was served upon Robert Culliford, successor attorney to John Nadolny, the attorney of record for the plaintiff, by U.S. mail, postage prepaid on this 30th day of June 2005.

_____
Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070