UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAN AMERICAN AIRWAYS, CORP.,

        Plaintiff/counterdefendant,

    v.

ROBERT E. BARNES,

        Defendant/counterplaintiff.

Civil Action No.
04-CV-10515JLT

## Statement of Undisputed Material Facts
## in Support of Plaintiff/Counterdefendant's Motion for
## Partial Summary Judgment

In support of its Motion for Partial Summary Judgment on Counterclaim Counts I through IV (Document Instrument ("DI") #5) filed herein by the defendant/counterplaintiff Robert E. Barnes ("Barnes"), plaintiff/counterdefendant Pan American Airways, Corporation ("Pan Am") hereby states the follows undisputed material facts:

1. Pan Am operates as a commercial air carrier utilizing Boeing 727 aircraft. Amended Complaint, ¶ 1 (DI #3).

2. Barnes was employed by Pan Am as its Managing Director of Technical Operations from February 11, 2002 through April 1, 2002 and as its Vice President of Maintenance from April 1, 2002 through July 21, 2003. Amended Complaint, ¶ 2.

3. In February of 2002, Pan Am purchased from United Airlines, and began taking

delivery of, certain Boeing 727 aircraft (the "Aircraft") and engines (the "Engines") installed thereon. These Aircraft and Engines were acquired in order to support Pan Am's existing fleet of Boeing 727 aircraft. Amended Complaint, ¶ 5.

4. The Federal Aviation Administration ("FAA") has advised Pan Am that, subsequent to their acquisition by Pan Am, the Aircraft and Engines were not preserved in accordance with practices required under the applicable manuals. Amended Complaint, ¶ 7, Deposition of Robert E. Barnes ("Barnes Deposition"), Exhibit Two, (Exhibit A hereto).

5. The FAA has further asserted that because of such inadequate preservation, the Aircraft and Engines are not considered fit for use by Pan Am absent certain additional maintenance and inspection which would not have otherwise been required had the Aircraft and Engines been adequately inspected and preserved upon receipt. Amended Complaint, ¶ 8, Barnes Deposition, Exhibit Three.

6. In order to secure the use of parts from the Aircraft and the use of certain of the Engines, Pan Am was required to undertake extensive repairs, maintenance and inspections in order to return the Aircraft parts and the Engines to useful condition. Amended Complaint ¶ 8, Barnes Deposition, Exhibit Three.

7. At all times relevant hereto, Barnes was responsible for the oversight and management of Pan Am's Maintenance Department, including but not limited to the task of inspecting the Aircraft and Engines upon arrival at Pan Am and ensuring the proper preservation of the Aircraft and Engines subsequent to their receipt by Pan Am. Amended Complaint, ¶ 9, Barnes Deposition, at 23-24.

8. At all relevant times, Barnes had a duty to Pan Am to properly inspect, maintain

and/or preserve the Aircraft and Engines. Amended Complaint, ¶¶ 11, 15, 19.

9. Barnes engaged in communications with numerous employees of Pan Am regarding preservation of aircraft and/or engines owned, leased or operated by Pan Am, but does not recall specific conversations and has no records of specific conversations. Response to Interrogatory Number Seven of Defendant's Amended Response to Plaintiff's First Set of Interrogatories. (Exhibit B hereto).

10. Shortly after leaving employment at Pan Am, Barnes moved from New Hampshire to Massachusetts, but did not notify Pan Am of his change of address. Furthermore, in the same geographic area to which Barnes relocated, another Robert Barnes resided at the time of commencement of this lawsuit. Barnes Deposition at 60-61.

11. To date, Barnes has received favorable reviews from his employer FAA, has received pay increases that were consistent with other FAA employees during the same time period, and is no longer considered a probationary employee. Barnes Deposition, at 65-67.

12. The facts underlying the allegation of defamation contained in Barnes' First Counterclaim arose from the reaction of the public to the allegations in the complaint and summons initiating this lawsuit. Barnes Deposition, at 78.

13. Barnes has a long history of high blood pressure and other physical ailments that preceded the initiation of this action. Barnes Deposition, at 67-77.

14. Pan Am initiated this litigation solely to recover its damages incurred in performing additional maintenance, repairs and inspection on the Aircraft and Engines to make them useful again. Declaration of Eric H. Lawler ("Lawler Declaration"), ¶ 2.

15. Prior to initiating this litigation, Pan Am consulted with its in-house attorney

regarding the merits of this cause of action, as well as the in-house attorney of its affiliated railroad division, made full disclosure to both attorneys and proceeded on their advice. Lawler Declaration, ¶ 3.

                                           Respectfully submitted,

                                           Robert B. Culliford (BBO #638468)
                                           Pan American Airways, Corp.
                                           14 Aviation Avenue
                                           Portsmouth, NH 03801
                                           (603) 766-2002

                                           *Attorney for Pan American Airways, Corporation*

July 1, 2005

289543.1