**EXHIBIT B**

Case 1:04-cv-10515-JLT   Document 46   Filed 07/01/2005   Page 2 of 13

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAN AMERICAN AIRWAYS CORP. )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ROBERT E. BARNES )<br>)<br>Defendant ) | Case No. 04-CV-10515JLT |

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, Robert E. Barnes, hereby responds to Plaintiff's First Set of Interrogatories as follows:

INTERROGATORY NO. 1

Identify any person, other than you or your counsel, who has provided any information contained in your responses to these interrogatories.

RESPONSE:

None

INTERROGATORY NO. 2

State the name, occupation and business address of each person you intend to call as a witness in this matter.

RESPONSE:

Barry Bermingham, Retired

Eduard Stalzer, Inspector, Federal Aviation Administration,

1 Cranberry Hill Suite 402. Lexington, MA

David Marsh, Principal Avionics Inspector, FAA, Portland ME

Paul Hubbard, Principal Maintenance Inspector, Portland, ME

Any witnesses identified in defendant's Initial Discovery Disclosure Statement, filed with the court in November 2004.

Defendant reserves the right to amend and supplement the witness list as more witnesses may become known or available. Defendant reserves the right to call upon any witnesses produced by the plaintiff.

INTERROGATORY NO. 3

For each intended witness, please provide a summary of the testimony expected to be offered by that individual.

RESPONSE:

Barry Bermingham, is expected to testify to the status of the aircraft maintenance organization prior to my employment.

Eduard Stalzer is expected to testify that the Pan Am engines and aircraft in storage were stored in accordance with FAA approved procedures, proper documentation was maintained to support that storage, and records were properly maintained under the control of Engine Manager David Barry and Director of Maintenance Stanley Joyner.

David Marsh is expected to testify to the improvement in the quality of maintenance of Pan Am aircraft during my employment including focus on areas of safety.

Paul Hubbard is expected to testify that he reviewed and approved or accepted the storage programs written by Eduard Stalzer for Pan Am aircraft and engines.

Beth Babb is expected to testify that court documents were delivered to my place of employment.

Linda Barnes is expected to testify to the effect of the lawsuit on our family and my health.

David Fink is expected to testify to ownership of the aircraft and engines and his responsibilities as president of the company. Mr. Fink is also expected to testify as to the circumstances surrounding the lawsuit.

Steven Legere is expected to testify to his responsibilities during his employment with Pan Am.

David Barry is expected to testify as to the status of the engines and records.

Stanley Joyner is expected to testify in regard to the aircraft and engine storage and maintenance programs and procedures.

For witnesses identified in defendant's Initial Discovery Disclosure Statement, filed with the court in November 2004, refer to Disclosure statement.

INTERROGATORY NO. 4

Identify all communications between you and the Federal Aviation Administration ("FAA") concerning your seeking and obtaining employment with the FAA.

RESPONSE:

Defendant objects to the question as it is irrelevant to this action and outside the scope of this lawsuit. Notwithstanding the objection, defendant answers interrogatory # 4 as follows:

I was contacted by Gilbert DaCosta, Acting Manager of the Boston Flight Standards District Office and asked if I would accept a position with the FAA if offered. I informed him that, if offered, I would. I was contacted by Robert Duggan and offered a position effective August 10, 2003. I accepted the position. I do not recall dates. I have remained

active at most times on the federal register over the last 12 years. I had one previous offer of employment I initially accepted and later declined. I do not recall the date of the offer.

INTERROGATORY NO. 5

Identify all communications between you and any present or former employee or representative of Pan American Airways Corp. ("Pan Am") concerning your seeking and obtaining employment with the FAA.

RESPONSE:
Defendant objects to the question as it is irrelevant to this action and outside the scope of this lawsuit. Notwithstanding the objection, defendant answers interrogatory # 5 as follows:

As best as I can recall, from my home I had one email contact with David Gehner. I do not recall what his specific question was at that time however it related to the process for application to the FAA. I responded to him via personal email. I do not recall the dates nor do I have records of the emails.

INTERROGATORY NO. 6

Identify all communications between you and the FAA concerning the maintenance and/or preservation of aircraft and/or aircraft engines owned, leased or operated by Pan Am.

RESPONSE:

Defendant objects to the question as it is overly broad. Notwithstanding the objection, defendant answers interrogatory # 6 as follows:

During the period beginning with my employment at Pan Am and because of my position in the company I had conversations regularly with FAA on various maintenance issues on aircraft owned, leased, or operated by Pan Am. I have no documents related to such

conversations nor do I recall dates or specifics of any such conversations. Any existing documents are in possession, custody and control of Pan American Airways.

INTERROGATORY NO. 7

Identify all communications between you and any other employee of Pan Am concerning the preservation of aircraft and/or aircraft engines owned, leased or operated by Pan Am.

RESPONSE:

Defendant objects to the question as it is overly broad. Notwithstanding the objection, defendant answers interrogatory # 7 as follows:

I had communications with numerous employees regarding preservation of aircraft and/or engines owned, leased, or operated by Pan Am. I do not recall specific conversations at this time and I have no records of any specific conversations. Any existing documents or records are in possession, custody and control of Pan American Airways.

INTERROGATORY NO. 8

Identify all communications between you and the Air Line Pilots Association, International or any of its employees, members or representatives.

RESPONSE:

Defendant objects to the question as it is irrelevant to this action and outside the scope of this lawsuit. Notwithstanding the objection, defendant answers interrogatory # 8 as follows:

I spoke on several occasions with Robert Ford, Chairman of the Pan Am ALPA MEC. I do not recall specific dates nor do I have records of the conversations. I spoke with ALPA

Attorney Marcus Migliori and Julie Glass. I was asked to provide an affidavit for the court in the ALPA lawsuit with Pan Am.

INTERROGATORY NO. 9

Describe your job responsibilities for all positions held during your employment by Pan Am.

RESPONSE:

I was employed by Pan Am as Managing Director of Technical Operations reporting to the Vice President of Maintenance from February 2002 through March 31, 2002. My job responsibilities were as outlined in the Pan Am General Maintenance Manual once it was amended to include this position. I do not possess a copy of this document. I was employed as Vice President of Maintenance, reporting to the president from April 1, 2002 through July 14, 2003. My job responsibilities were as outlined in the Pan Am General Maintenance Manual. I do not possess a copy of this document

INTERROGATORY NO. 10

Identify all locations at which you have resided since the commencement of your employment by Pan Am, including the dates on which you resided at each location.

RESPONSE:

6 Linwood Place, Gloucester. MA 01930 February 2002 through May 30, 2002.

15 Sunset Drive, Somersworth, NH 03878. June 1, 2002 through October 28, 2003.

116 Prescott Street, North Andover, MA 01845, October 31, 2003 to present.

INTERROGATORY NO. 11

Identify each and every fact upon which you rely in claiming that the any of the following individuals is responsible, in whole or in part, for any of the damage alleged to have been sustained by the Plaintiff as a result of your conduct as described in the Plaintiff's Complaint:

- a. Donald Baxter
- b. David Mailhot
- c. Gerard Terpstra
- d. Stanley Joyner
- e. David Forney
- f. Eduard Stalzer
- g. John Driscoll
- h. David Gehner
- i. David Fink

RESPONSE:

Defendant objects to the question as it is confusing, misleading and vague. Notwithstanding the objection, defendant answers interrogatory # 11 as Defendant understands the question:

These individuals held positions in the organization before, during, or after my employment. These individuals shared responsibility with me during that time. I did nothing wrong during my employment. Since there was no damage as alleged by the plaintiff, there is no wrong doing by me or any of the aforementioned individuals.

INTERROGATORY NO. 12

Identify each and every fact upon which you rely in claiming that the Plaintiff's claims arose during the term of your employment at Pan Am.

RESPONSE:

Defendant objects to the question as it is vague, ambiguous and confusing. Notwithstanding the objection, defendant answers interrogatory # 12 as follows:

Plaintiff does not have a claim.

INTERROGATORY NO. 13

Identify each and every fact upon which you rely in claiming that Pan Am had knowledge of its claims during the term of your employment at Pan Am.

RESPONSE:

Defendant objects to the question as it is vague, ambiguous and confusing. Notwithstanding the objection, defendant answers interrogatory # 13 as follows: Plaintiff does not have a claim.

INTERROGATORY NO. 14

Identify each and every fact upon which you rely in claiming that Pan Am has waived its claims or is barred from asserting its claims for any other reason.

RESPONSE:

NONE

INTERROGATORY NO. 15

Identify each and every fact upon which you rely in claiming that Pan Am released you from any claims or obligations owed to Pan Am.

RESPONSE:

NONE

INTERROGATORY NO. 16

Identify each and every doctor or other medical, psychological or mental health professional from whom you have received treatment since July 1, 2000.

RESPONSE:

Dr. Steven Barrett, Primary Care
Dr. Andrew Cole, Neurologist
Dr. Patrick Clary, Primary Care
Dr. Kulli Barrett, Nephrologist
Dr. William Danford, Cardiology
Charles Lafreniere, OD, Eye Care
Dr. Lucas Kolm, ER Physician Wentworth Douglas Hospital
Dr. Matthew Norman, Eye care
Dr. John Shearman, Rheumatologist
Dr. John Novello, Nephrologist


Interrogatory No. 17. You had indicated that you thought the phrase "illness and treatment" was too vague to enable the Defendant to answer this interrogatory. Please have the Defendant answer the following interrogatories:

Interrogatory No. 18.

Describe the nature of any illness, physical or psychological injury which Defendant asserts he has sustained as a result of this litigation.

Answer to Interrogatory No 18:

Since learning of the lawsuit I suffered symptoms such as insomnia,

increased blood pressure, stress, angina, and colitis.


Interrogatory No. 19.

Describe the treatment, if any, provided by any of the individuals identified in your response to Interrogatory No. 16, or by anyone else, with respect to the illness or injury described in your response to Interrogatory No. 18.

Answer to Interrogatory No 19:

Dr. Steven Barrett, treatment for stress, high blood pressure, and colitis. Dr.

Richard Goldberg seen since completion of interrogatories for chest pain and high

blood pressure.

Interrogatory No. 20.

Describe the treatment, if any, provided by any of the individuals identified in your response to Interrogatory No. 16, for any medical, physical or psychological condition, other than routine check ups or dental appointments, since July 1, 2000.

Answer to Interrogatory No 20:

Dr. Steven Barrett, sinus infections, colitis. Dr. Andrew Cole, seizure disorder. Dr Kulli Barrett, partial loss of kidney function, Dr Danford, hypertension, chest pain, and cardiac surgery. Charles Laferniere loss of vision in right eye, Dr. Lucas Kolm, chest pain, high blood pressure, Dr Matthew Norman loss of vision in right eye, Dr john Shearman, ankylosing spondilitis.

## REQUESTS FOR PRODUCTION

Please produce the following documents:

1. All documents identified in or relied upon in preparing your answers to interrogatories.

   RESPONSE:

   None

2. Any and all medical record associated with your claims of physical harm or emotional distress.

   RESPONSE:

   Medical Records were made available to counsel. Additional records will be made available for review to Plaintiff's counsel when received.

Signed under the pains and penalties of perjury this 27th day of May, 2005.

*[signature]*
Robert E. Barnes


By his Attorney

*[signature]* Pete Piel
Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070

## Certificate of Service

I, Peter Piel, hereby certify that a true copy of the above document was served upon John Nadolny, the attorney of record for the plaintiff, by U.S. mail, postage prepaid on this 3rd day of June 2005.

*Peter Piel*
_____
Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070