UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAN AMERICAN AIRWAYS CORP., ) <br> ) <br> Plaintiff/Counter-Defendant ) <br> ) <br> v. ) <br> ) <br> ROBERT E. BARNES ) <br> ) <br> Defendant/Counter-Plaintiff ) <br> ) | Case No. 04-CV-10515JLT |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS THAT ARE IN DISPUTE.**

Pursuant to L.R. 56.1 Defendant hereby submits a statement of material facts as to which there exists a genuine issue to be tried in respect to Plaintiff's motion for partial summary judgment on counts I through IV of Defendant's counterclaim.

1. Statements 1 through 3 of Plaintiff's Statement of Undisputed Material Facts are not facts, but allegations copied from plaintiff's amended complaint, which is neither a verified complaint nor supported by a sworn affidavit.

2. Statement 4 of Plaintiff's Statement of Undisputed Material Facts is a matter in contention. Plaintiff's supporting Exhibit A concerns a letter written almost five months after Defendant left his employment with the Plaintiff. ("Barnes Deposition"), Exhibit Two, (Exhibit A to Plaintiffs Statement of Undisputed Facts). All material events referenced in this letter are

dated after Mr. Barnes had left Plaintiff's employment and were not under Mr. Barnes control or responsibility. (Id.)

3. Statement 5 and 6 of Plaintiff's Statement of Undisputed Material Facts is a matter in contention. Plaintiff's supporting Exhibit A concerns a letter written almost five months after Defendant left his employment with the Plaintiff. ("Barnes Deposition"), Exhibit Three, (Exhibit A to Plaintiffs Statement of Undisputed Facts). Defendant expects to call witnesses to show that engines were, in fact, properly stored. ("Defendant's Response to Plaintiff's Interrogatories", Answer to Interrogatory #3), (Exhibit B to Plaintiffs Statement of Undisputed Facts).

4. Statement 7 of Plaintiff's Statement of Undisputed Material Facts is a matter in contention. Mr. Barnes was not solely responsible for oversight and management of Plaintiff's Maintenance. (PanAm Deposition, 33).
The Vice President of Maintenance reports to the president of the company. (Id. 14,15)

5. Statement 8 of Plaintiff's Statement of Undisputed Material Facts is a matter in contention. Mr. Barnes' duties as Vice President of Maintenance were not to maintain or inspect aircraft or engines. (Id. 14). Executives from Director of Maintenance and higher, including the Vice President of Maintenance do not work on engines. (Id. 14).

6. Statement 9 of Plaintiff's Statement of Undisputed Material Facts, while not in contention, is not a material fact to this lawsuit, as Mr. Barnes, after leaving Plaintiff's employment had neither a duty, nor a reason to report any address changes to the Plaintiff. The original

complaint was delivered to a different area within Mr. Barnes' workplace. Neither the federal Rules of Civil Procedure nor the Massachusetts Rules of Civil Procedure make the delivery of a summons to someone's workplace a proper service of process.

7. Statement 12 of Plaintiff's Statement of Undisputed Material Facts is a matter in contention, as it is incomplete. It is Defendant's contention that the lawsuit was frivolous and designed to do harm to Mr. Barnes. Counts I and II of Defendant's counterclaim (Counterclaim), Docket Instrument #5 (DI #5). Filing the lawsuit and making it public, in addition to serving the complaint at Mr. Barnes' workplace, are Defendant's main facts underlying the defamation claim. (Count I of Counterclaim, DI #5))

8. Statement 14 of Plaintiff's Statement of Undisputed Material Facts is a matter in contention. Plaintiff in its depositions repeatedly asked Questions to obtain information about FAA hiring procedures (Liguori Deposition, 69ff.; Hubbard Deposition, 97; Stalzer Deposition, 78) and the connection between the FAA and the Air Line Pilots Association in regards to a lawsuit between Pan Am and ALPA. (Liguori Deposition, 72-75; Hubbard Deposition,100-102; Stalzer Deposition, 48-50)
The answer to which questions were unrelated to Plaintiff's and Defendant's claims and could not reasonably have lead to discoverable information in the current case.

July 22, 2005

Respectfully submitted,

Dated: July 22, 2005

*Pete Piel*
_____
Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070

## Certificate of Service

I, Peter Piel, hereby certify that a true copy of the above document was served upon Robert Culliford, the attorney of record for the plaintiff, by U.S. mail, postage prepaid on this 22nd day of July 2005.

_____
Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070