## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **PAN AMERICAN AIRWAYS CORP.,** | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant** | ) | |
| | ) | |
| **v.** | ) | **Case No. 04-CV-10515JLT** |
| | ) | |
| **ROBERT E. BARNES** | ) | |
| | ) | |
| **Defendant/Counter-Plaintiff** | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I THROUGH IV OF DEFENDANT'S COUNTERCLAIM.

### STATEMENT OF FACTS

On July 1, 2005, Plaintiff filed a motion for partial summary judgment on Counts I through IV of

Defendant's counterclaim.

Defendant, pursuant to Fed. R. Civ. P. 56) and Local Rule 56.1, filed a motion in opposition to

Plaintiff's motion. The motion in opposition to Plaintiff's motion for partial summary judgment

is supported by this Memorandum of Law and Defendant's Statement of Disputed Facts. [1]

Plaintiff in its complaint and its motion for partial summary judgment alleges disputed facts.

---

[1] FRCP Rule 1 These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action. LR Rule 1.2 (a) These rules shall apply to all proceedings in the United States District Court for the District of Massachusetts.

Pan American Airways, Inc., and Boston Maine Airways shared a common maintenance facility in the same building. Deposition of Paul Hubbard, Page 10. (Hubbard Deposition, 10) Exhibit 1 hereto.

Engines were property of Guilford transportation, the parent Company, and not property of the Plaintiff (Hubbard Deposition 12, 20)

Airworthiness of engines determined by the maintenance person signing for the maintenance performed. (Id.16)

Vice president of maintenance is not a required position under FAA regulations. (Id at 17)

Primary contact persons at Plaintiff corporation for the FAA for maintenance issues were the Chief Inspector and the Director of Maintenance. (Id 17).

The FAA would notify the Chief Inspector or the Director of Maintenance if there were any maintenance problems. (Id 14)

From 2002 through 2004 the position of Chief Inspector was filled first by Mr. Ed Stalzer followed by Mr. John Driscoll, and the position of Director of Maintenance was filled by Mr. Stan Joyner followed by Mr. Dave Forney. (Id. 14)

Defendant's position was Vice President of Maintenance. Deposition of Robert Barnes Page 11. (Barnes Deposition) Docket Instrument # 45 ; Plaintiff's Exhibit A.

Mr. Barnes left Plaintiff's employment in July 2003. (Id. 11)

In December of 2003 Plaintiff, Pan American Airways, Inc., reported to the FAA that 3 of its engines that are at issue in this lawsuit, were airworthy. (Exhibit B to Barnes Deposition). Three of the engines that are at the heart of this lawsuit were installed on one airplane and the airplane was flying in October and November of 2003, and Pan Am had determined that these engines were airworthy at that time. Deposition of Pan Am under Rule 30(b)(6) represented by Steve Legere. (PanAm Deposition, 30) Exhibit 2 hereto.

Mr. Barnes is the only person being sued for the alleged damage to these engines (Id. 33).
Defendant's blood pressure has increased and defendant is under increased stress and
experienced chest pain since the lawsuit was filed against him. (Barnes Deposition, 68)
Plaintiff delivered a copy of the original summons of complaint to Defendant's work.(Id, 78).
A different individual by the same name, working in a different area received and read the
summons.(Id. 78)  Other people had seen the summons. (Id. 78).

## ARGUMENT

Plaintiff in its support for it motion for partial summary judgment asserts an absolute privilege
citing *Cignetti v. Healy*, 89 F. Supp.2d 106, 126 (D.Mass., 2000). The issue of privilege in the
case cited by plaintiff does not apply to the case at hand, as the cited case was brought under 42
U.S.C. § 1983, a statute that specifically provides for immunity to prosecutors, communities and
witnesses in administrative proceedings.

The current case is not brought under § 1983 and the provisions of that particular statute dealing
with privilege and immunity do not apply. The case at hand, is a private cause of action between
two private parties, neither of which is a prosecutor nor a witness in an administrative
proceeding. The notion that a defamatory statement enjoys an absolute privilege, merely because
it is uttered as part of a civil complaint is not supported by the cited case.

Even if Plaintiff corporation could assert a privilege, the privilege would be ineffective as
to reckless or malicious statements. [2] *Bratt v. Int'l Bus. Machines Corp.,* 392 Mass. 508, 512
(1984).

---

[2] An employer may possess a conditional privilege "to disclose disparaging information about an employee in furtherance of the
reasonable business objectives of the employer." *Disend v. Meadowbrook School,* 33 Mass. App. 674, 677 (1992);
*Foley v. Polaroid,* 400 Mass. 82, 92 (1987). However, the privilege is ineffective if the statement was made
recklessly or with malice. *Bratt v. Int'l Bus. Machines Corp.,* 392 Mass. 508, 512 (1984).

The privilege extends to attorneys in assisting their clients and to witnesses on the witness stand.
Defamatory remarks and allegations are made by the plaintiff, a party to this lawsuit. The reason
for the privilege is to allow freedom of access to the courts, not the freedom to maliciously, with
immunity, defame an individual. [3] *Sullivan v. Birmingham*, 11 Mass. App. Ct. 359, 362 (1981).
Plaintiff's argument that it was justified to send the summons to Mr. Barnes' workplace, because
Mr. Barnes did not notify Plaintiff of his new address is flawed, as Mr. Barnes had neither a
duty to report his change of address nor a reason to expect any correspondence from Plaintiff.
Neither Rule 4 of the Federal Rules of Civil Procedures nor the corresponding Massachusetts
Rule, Rule 4 of the Massachusetts Rules of Procedure make the delivery of a summons to ones
workplace an effective service of process. Plaintiff's statement that the only known address of
Mr. Barnes was his work address is contradicted by the fact that within one week of the delivery
of the summons to Mr. Barnes workplace, a second summons was delivered to the defendant's
home.

Plaintiff asserts that the sole reason for initiating this action was to recover for damages and
that Defendant cannot prove otherwise, and to strengthen Plaintiff's argument, it provided
a declaration by Mr. Lawler, the Chief Financial Officer of Pan American Airways, Inc.
Plaintiff's argument for partial summary judgment on Defendant's counterclaim on
Abuse of legal process must fail, because Plaintiff cannot show that no material issues are
in dispute. (Rule 56 (c) of the Federal Rules of Civil Procedure.)

During discovery, Plaintiff repeatedly asked Questions concerning the FAA hiring process and

---

[3] ("The privilege stated in this Section is based upon a public policy of securing to attorneys as officers of the court
the utmost freedom in their efforts to secure justice for their clients"), and § 587, Comment a (1977) ("The privilege
stated in this Section is based upon the public interest in according to all men the utmost freedom of access to the
courts of justice for the settlement of their private disputes") Restatement (Second) of Torts § 586, Comment a
(1977)

potential recruiting efforts by the FAA. (Hubbard Deposition, 99),Deposition of Ed Stalzer

(Stalzer Deposition, 39),  Deposition of Anthony Liguori

(Liguori Deposition, 57) Exhibit 4 hereto.

Plaintiff asked repeatedly asked about the FAA witnesses' involvement in a civil suit between

Pan American Airways, Inc. and the Air line Pilots Association (ALPA)

( Hubbard Deposition, 100), (Stalzer Deposition, 48), (Liguori Deposition, 74).

Neither line of questioning was related to the current lawsuit, nor could possible have elicited
information relevant to the current action.

Furthermore, if Plaintiff's true and only  concern was to recover damages, Plaintiff would have
included every person responsible for engine and aircraft maintenance, instead of choosing Mr.
Barnes, as the *sole* responsible person. It is interesting to note that in the original complaint, two
people were named as defendant's, and incidentally, they were the  only two people who left Pan
Am to work for the FAA.  The complaint was subsequently amended to drop Mr. Stalzer, who
was Chief Inspector for only part of the time in question, and who could not be named without
also adding the current chief inspector, as a defendant, who is still employed with PanAm.
Plaintiff further argues that the facts would not support Mr. Barnes claim that the Plaintiff
intended to interfere with Mr. Barnes' employment relationship with the FAA, and in its first
point Plaintiff states that defendant was responsible for proper preservation of engines.  This
statements fails to include the fact that Mr. Barnes was neither solely responsible for preservation
of engines, but was only one of many in a chain of the organizational maintenance  structure, nor
was *primarily* involved in the preservation of engines, a task routinely performed by mechanics.
(Barnes Deposition, 24), (Stalzer Deposition, 14). According to Plaintiff's own testimony, the
Vice President of Maintenance does not perform any maintenance. (Pan Am Deposition, 14)

Plaintiff's argument that it had no improper motive in pursuing the lawsuit because the FAA believed that engines were improperly stored is flawed on its face, as it is *Plaintiff's* motive that is at issue, not the FAA's views. Furthermore, Plaintiff disagreed with Mr. Hubbards finding for several months after Mr. Barnes had left Pan Am's employment and argued to the FAA that Plaintiff's engines were and continued to be airworthy. (Exhibit B to Paul Hubbard's Deposition).

Plaintiff's Argument that, because no other address was known, it was proper to serve a different Mr. Barnes at Defendant's workplace must fail, because Rule 4 of the Federal Rules of Civil Procedure in such cases, refers to the local rules, i.e. Rule 4 of Massachusetts Civil Procedure, which does not provide service to a Defendant's workplace as an effective means of service of process. Plaintiff could have sent the summons to the last known address.

As a matter of fact, within one week of the delivery of the summons to Mr. Barnes' workplace, another summons had been served to Mr. Barnes' correct home address.

Plaintiff's argument that because Mr. Barnes has "progressed in his work", there is no harm, does not account for the possibility that Mr. Barnes could have progressed significantly further without Plaintiff's interference. Plaintiff's interference caused the Defendant time and money, and Defendant had to take time off, re-arrange his schedule and endure the humiliation at his workplace because of Plaintiff's actions.

Plaintiff's assertion that it is acting in good faith because Plaintiff says so, and because it has consulted two of its own in-house attorneys who agreed that there was a cause of action is as ludicrous as if Defendant had asserted that he had consulted five attorneys who opined that Plaintiff's lawsuit was frivolous and Defendant should win all counterclaims.

Plaintiff cites Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, a case that was decided under Massachusetts Rules of Civil Procedure on a summary judgment motion where there was no genuine issue of material fact. In the current case, material facts are in dispute. In Simon v. Solomon, 385 Mass. 91 a decision was made on appeal after completion of trial. In Boyle v. Wenk, 378 Mass. 592 the court decided on appeal after a full trial and based on evidence presented at trial. The Court in Boyle states that "[plaintiff] ignores the fact that the jury are entitled to draw reasonable inferences from the totality of the circumstances." Id at 595. In George v. Jordan Marsh Co., 359 Mass. 244 the court notes that "the plaintiff is entitled to an opportunity to prove the allegations she has made." Id at 255.

None of these cases support the argument that a pleading made under the Federal Rules can be dismissed on a motion made under Rule 56 of the Federal Rules of Civil Procedure where there are statements of material facts in dispute.

Plaintiff argues that its actions must go beyond "mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456 at 466. While calling someone a name may be an insult, accusing someone publicly of damages someone's property and conversion (stealing) is not a mere insult, getting cut off in traffic may be an indignity, being forced to spend thousand of dollars to defend a lawsuit is not just an indignity, putting someone in danger of losing his existence goes far beyond a mere threat and suing someone for $500, 000.00 is not a triviality.

Plaintiff in its Argument cites Agis v. Howard Johnson Co., 371 Mass. 140, 355 N.E.2d 315 (1976). In Agis the court decided that a cause of action for Intentional Infliction of Emotional Distress exists even where there is no resulting bodily injury. The plaintiff in Agis was publicly humiliated when her employer publicly accused her of stealing.

## CONCLUSION

For the reasons and based on the law set forth above, Defendant's motion

in opposition to Plaintiff's motion should be granted and Plaintiff's motion for partial summary

judgment on counts I through IV of Defendant's counterclaim should be dismissed.

July 22, 2005

Respectfully submitted,

Dated: July 22, 2005

Peter Piel

Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070

## Certificate of Service

I, Peter Piel, hereby certify that a true copy of the above document was served upon Robert Culliford, the attorney of record for the plaintiff, by U.S. mail, postage prepaid on this 22nd day of July 2005.

Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070