## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAN AMERICAN AIRWAYS CORP., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant | ) | |
| | ) | |
| v. | ) | Case No. 04-CV-10515JLT |
| | ) | |
| ROBERT E. BARNES | ) | |
| | ) | |
| Defendant/Counter-Plaintiff | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I AND II OF PLAINTIFF'S SECOND AMENDED COMPLAINT.**

STATEMENT OF FACTS

Defendant has moved pursuant to Fed. R. Civ. P. 56(c) and Local Rule 56.1, to grant partia

summary judgment for the Defendant on Counts I and II of Plaintiff's second amended

complaint. The motion for partial summary judgment is supported by this Memorandum of    w

and Defendant's Statement of Undisputed Facts. In Count I of its second amended complai

which is not a verified complaint, Plaintiff alleges negligent damage to property. Complain

10-13. Count II alleges negligent supervision. Complaint, ¶ 22-25. Discovery is complete ar

Plaintiff had the opportunity to discover facts needed to support its allegations. Court Order

11/02/04. Plaintiff itself determines Airworthiness of its Engines and Aircraft. ("Hubbard

Deposition" , 26). During Mr. Barnes employment with Pan American Airways and after ͳ

Barnes left Plaintiff's employment, Plaintiff had found its aircraft and engines to be airwo ͳ.

Hubbard Deposition, 25, Exhibit Two, Exhibit B ¶ 5.

## ARGUMENT

Plaintiff, Pan American Airways, Inc. (PanAm) in its second amended complaint ͳ  ͳes

"negligence", but fails to substantiate its claim by showing any of the required elements r    led

to prove negligence.

To prevail on its claim of negligence, Plaintiff needs to prove the Defendant had a duty    the

Plaintiff, that he breached that duty, and that the breach was the proximate cause of damaͳ   to

the Plaintiff.

If Plaintiff  fails to satisfy only one required element, the claim must fail. see Kourouvac    v,

General Motors Corp., 410 Mass. 706,7 10991). citing Ceiotex Corp. v. Catrett. 477 U$    ͳ7,

323 (1986),  "A complete failure of proof concerning an essential element of the non-m    ng

party's case renders all other facts immaterial and mandates summary judgment in favor ͳ   he

moving party."

Mr. Barnes, as Vice President of Maintenance, was under no duty to perform any mainte    ce

on any aircraft or aircraft engines. Mr. Barnes,  as Vice President of Maintenance, was unͳ   ͳo

duty to inspect himself any aircraft or engines. (Pan Am Deposition  14,19)

The required showing of the element of duty to the Plaintiff is not satisfied, and thus Plainti    ͳ

negligence claim must fail.

At all relevant times Mr. Barnes,  reported to David Fink, president and Chief Executive O    er

of Pan American Airways. (Id.   8, 14,15) Under the doctrine of respondeat superior an    ͳe

chain  of  command,  as  it  existed  at  the  time  of  Mr.  Barnes  employment  with  Plai    ͳf,

Mr. Barnes could not have been negligent or negligently supervised his staff and caused d    age

to Plaintiff's property without his superior, Mr. Fink,  negligently supervising the Defenda

All maintenance was performed by mechanics , supervised by lead mechanics, inspec    by

inspectors and the Chief Inspector, reported to the Director of Maintenance and the Ma    ing

Director of Technical Operations before reports would finally reach  the Defendant.

Plaintiff has not identified anyone, other than the Defendant, as having been neglige    As

shown above, Defendant had no duty to perform maintenance himself, therefore wa    not

negligent himself, and without any negligent action by anyone reporting to Mr. Barnes    ere

could not have been any negligent supervision by the Defendant.

"A claim for negligent supervision may arise when an employer fails to exercise ordinary    in

supervising the employment relationship to prevent the foreseeable misconduct of an emp    ee

from causing harm to other employees or third persons." Nelson v. Gillette, 1997 ND 205    39,

571 N.W.2d 332. "Because the claim is based on negligence principles, the plaintiff h    he

burden of demonstrating a duty, breach of that duty, causation, and damages." Id.

As the Defendant, Mr. Barnes, had no duty to perform any maintenance himself, and as Pl    iff

determined  that no one reporting to Mr. Barnes had negligently performed his or her d    to

inspect and maintain aircraft and engines, Plaintiff's negligence claims must fail.


CONCLUSION


For the reasons  and based on the law set forth above, Defendant's motion for partial summ

judgment on Counts I and II of Plaintiff's second amended complaint, and such other relief

this court deems just and proper, should be granted in Defendant's favor.

September 20, 2005

                                        Respectfully submitted,

Dated: September 20, 2005

                                        _Peter Piel_

                                        Peter Piel
                                        Law Office of Peter Piel
                                        800 Turnpike Street, Suite 300
                                        North Andover, MA 01845
                                        978-794-5513
                                        BBO # 639070

## Certificate of Service

I, Peter Piel, hereby certify that a true copy of the above document was served upon Robe Culliford, the attorney of record for the plaintiff, by U.S. mail, postage prepaid on this 2C day of September 2005.

_Peter Piel_

Peter Piel
Law Office of Peter Piel
800 Turnpike Street, Suite 300
North Andover, MA 01845
978-794-5513
BBO # 639070