UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAN AMERICAN AIRWAYS CORP., )<br>)<br>Plaintiff/Counter-Defendant )<br>)<br>v. )<br>)<br>ROBERT E. BARNES )<br>)<br>Defendant/Counter-Plaintiff )<br>) | Case No. 04-CV-10515JLT |

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

In support for his Motion for Partial Summary Judgment on Counts I and II of Plaintiff's second amended complaint, Defendant, Robert Barnes, hereby states the following undisputed material facts:

1. During Mr. Barnes' employment with Plaintiff corporation, David Fink was the president of plaintiff corporation. Defendant's Deposition of Plaintiff ("PanAm Deposition")

2. Mr. Barnes reported to the president of Pan Am, David Fink. (Id. 8, 14,15)

3. Dave Fink had daily status meetings at which maintenance issues including engine storage were discussed. (Id. 8,9)

4. Pan Am found out about the perceived improper storage through a letter written by Paul Hubbard, who was employed with the Federal Aviation Administration. (Id. 10)

5. Determination of airworthiness of aircraft and engines was Plaintiff's responsibility Deposition of Mr. Hubbard ("Hubbard Deposition", 26).

6. After Mr. Barnes had left Plaintiff's employment In July of 2003 and before December of 2003, Plaintiff's airplane identified by its tail number PA363, had been flying numerous times commercially, with engines attached that are subject to this lawsuit. Hubbard Deposition, Exhibit Two, Exhibit B ¶ 5.

7. In order for Pan Am to fly an airplane in commerce, Plaintiff corporation must determine that the airplane is airworthy. (Id. 25)

8. Mr. Barnes, as Vice president, was not one of the required five "key people" that had to be listed with the FAA (Pan Am Deposition 10)

9. Mr. Barnes was not the only person responsible for oversight and management of Plaintiff's Maintenance. (Id. 14,33).

10. Mr. Barnes' duties as Vice President of Maintenance were not to maintain or inspect aircraft or engines. (Id. 14).

11. Mr. Barnes' responsibility was not to perform maintenance himself. Inspections were to be performed by mechanics. (id. 19).

12. Executives from Director of Maintenance level and higher, including the Vice President of Maintenance do not work on engines. (Id. 14).

13. As of today, Mr. Barnes is the only named defendant in this action. (Id. 33).

                                    Respectfully submitted,

Dated: September 20, 2005

                                    _/s/ Peter Piel_
                                    Peter Piel
                                    Law Office of Peter Piel
                                    800 Turnpike Street, Suite 300
                                    North Andover, MA 01845
                                    978-794-5513
                                    BBO # 639070