FILED
UNITED STATES DISTRICT COURT OFFICE
DISTRICT OF MASSACHUSETTS

2005 OCT 12  P 4: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PAN AMERICAN AIRWAYS CORP., | ) |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) C.A. No. 04-CV-10515-JLT |
| ROBERT E. BARNES, | ) |
| Defendant/Counter-Plaintiff. | ) |

**PLAINTIFF/COUNTER-DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS REPLY IN OPPOSITION**

Defendant/counter-plaintiff Robert E. Barnes ("Barnes") has moved for Partial Summary Judgment on Counts I and II of the Second Amended Complaint brought by plaintiff/counter-defendant Pan American Airways Corporation ("Pan Am"). For the reasons stated herein, Pan Am respectfully requests that this motion be denied.

### I.   FACTUAL BACKGROUND

Barnes was employed by Pan Am as its Vice President of Maintenance from April 2002 to July 2003. Deposition of Robert E. Barnes ("Barnes Deposition"), at 10-11. (Exhibit A hereto). In the course of his duties as Vice President of Maintenance, Barnes was responsible for the oversight and management of Pan Am's Maintenance Department, including but not limited to ensuring the proper preservation of aircraft and

1

engines. Barnes Deposition, at 21,23, Declaration of Steven Legere ("Legere Declaration"), ¶ 2, Declaration of David A. Fink ("Fink Declaration"), ¶ 3 (Exhibits B & C hereto, respectively). In February of 2002, Barnes participated in the process of accepting delivery of certain Boeing 727 aircraft (the "Aircraft") and their engines (the "Engines") installed thereon. Fink Declaration, ¶ 2. The Federal Aviation Administration advised Pan Am that, subsequent to their acquisition by Pan Am, the Aircraft and Engines were not preserved in accordance with practices required under the applicable manuals. Deposition of Paul W. Hubbard ("Hubbard Depostion"), at 31-32 (Exhibit D hereto).

In the course of his employment as Vice President of Maintenance for Pan Am, Barnes had a duty to ensure that the Aircraft and Engines were properly preserved and maintained, and by failing to ensure proper preservation and maintenance or to ensure that his staff was properly preserving and maintaining the Engines, Barnes breached his duty to Pan Am. Legere Declaration, ¶ 5, Fink Declaration, ¶ 6. Moreover, Barnes knew or should have known that the Engines were not being properly preserved before his departure from Pan Am, but never informed his superior(s) of the fact that the Engines were not being properly maintained. Fink Declaration, ¶ 4, Declaration of Gordon Long ("Long Declaration"), ¶ 2, Declaration of Eric H. Lawler ("Lawler Declaration"), ¶ 2. (Exhibits E & F hereto, respectively). By failing to properly maintain and preserve the Engines and by failing to disclose this information to Pan Am, Barnes caused Pan Am to suffer in excess of $300,000.00 in damages. Legere Declaration, ¶ 6.

By failing to properly maintain and preserve the Engines and/or ensure that his staff was properly preserving and maintaining the Engines, Barnes was not acting within

the scope of his employment duties for Pan Am as Vice President of Maintenance. Fink Declaration, ¶ 5, Legere Declaration, ¶ 4.

## II.    ARGUMENT

### A. Barnes has failed to meet the standard for summary judgment.

To prevail on a motion for summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *F.R.C.P. 56(c)*. In determining whether the moving party has met its burden, the court must, "…take the record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Leahy v. Raytheon Co., et. al.*, 315 F.3d 11, 17 (1st Cir. 2002). If the nonmoving party submits evidence that reveals a genuine dispute over a material fact, that a reasonable factfinder could resolve a factual inquiry which is critical to the outcome of the case, then summary judgment cannot be granted. *Serapion v. Martinez*, 119 F.3d 982, 1987 (1at Cir. 1997). With this standard in mind, Barnes's arguments in support of its motion can be dismissed quite easily by the evidence already in the record, as supplemented by declarations of several Pan Am witnesses.

> **1. Pan Am has produced evidence creating a genuine issue of material fact as to whether Barnes was negligent in performing his duties and/or supervising his staff.**

Based upon the evidence adduced to date through discovery and the declarations of former Pan Am personnel, it is clear that Barnes had a duty to Pan Am to ensure that the Engines were properly maintained and/or preserved. More particularly, Barnes was employed by Pan Am as its Vice President of Maintenance when the Engines were not properly maintained or preserved. Barnes Deposition, at 10-11, Fink Declaration, ¶ 3.

3

As Vice President of Maintenance, Barnes was responsible for the management and oversight of the Maintenance Department, including but not limited to, the proper preservation and maintenance of the Engines. Barnes Deposition, at 10-11, Legere Declaration, ¶ 2, Fink Declaration, ¶ 3. Clearly, therefore, as an employee of Pan Am with oversight and management responsibility for this issue, Barnes had a duty to Pan Am to perform his duties in a reasonable manner. In fact:

> "One who undertakes, gratuitously or for consideration, to render services to another for which he should recognize as necessary for the protection of the other person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertakings, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking."

*Mullins v. Pine Manor College*, 389 Mass. 47, 52-53 (1983).

Based on the foregoing, Barnes had a duty to perform his responsibilities in a manner that would ensure that the Engines were properly preserved and maintained, as this responsibility fell with the Pan Am Maintenance Department that he managed. Legere Declaration, ¶¶ 2,5, Fink Declaration, ¶ 6. Moreover, in addition to the legal issue of a duty, it is also a disputed question of material fact as to whether Barnes in his role as Vice President of Maintenance was responsible for either: (a) ensuring that the Engines were properly stored and preserved; and (b) properly managing his staff to ensure that the Engines were properly preserved and maintained, or whether he can essentially pass that responsibility off to his staff. Fink Declaration, ¶¶ 3,6, Legere Declaration, ¶¶ 2,5, Barnes Deposition, at 27-28.

It is also entirely foreseeable that Pan Am would be damaged by Barnes' failure to properly preserve and maintain the Engines and/or his failure to effectively manage his staff to properly preserve and maintain the Engines, as the Engines were delivered to

Barnes with manuals describing preservation and maintenance procedures and it is common knowledge within the airline industry that, if engines are not to be used for a period of time, they must be properly preserved and maintained. Legere Declaration, ¶ 3. It is also common knowledge within the airline industry that failure to do so will necessitate significant repairs to return an engine to flightworthy status. Id.

Finally, that Pan Am was damaged and that Barnes' negligence was the cause is beyond dispute, as FAA required Pan Am to have the Engines undergo extensive repairs before FAA would authorize their continued use in flying. These repairs cost in excess of $360,000.00. Legere Declaration, ¶ 6.

Accordingly, contrary to Barnes' claims, Pan Am has presented credible evidence showing that Barnes was negligent in the performance of his duties, giving rise to a genuine issue of material fact that can only be resolved at trial.

### 2. The Doctrine of Respondeat Superior does not apply in this instance, as Barnes' negligence occurred outside the scope of his duties for Pan Am.

Apparently, despite being, by his own admission, responsible for the oversight and management of Pan Am's Maintenance Department, Barnes believes that he should escape any responsibility for his negligence because he reported to Dave Fink, President of Pan Am who had daily staff meetings. However, there is immediately a disputed issue of fact as to whether Barnes ever disclosed to Mr. Fink or any other senior executive of Pan Am that the Engines were not properly preserved and maintained. Barnes claims that he did, but Mr. Fink denies ever being told about the issue, and several people who were regularly at the majority of the morning staff meetings and other meetings involving

Barnes support Mr. Fink's statement. Fink Declaration, ¶ 3, Lawler Declaration, ¶ 2, Long Declaration, ¶ 2.

Moreover, notwithstanding the basic factual dispute, Barnes' theory that he should escape liability based on a theory of Respondeat Superior must fail because the facts underlying this lawsuit did not arise within the scope of Barnes' duties for Pan Am. While it is true that an employer may be held vicariously liable for the torious act of an employee, the tortuous act must have been performed within the scope of employment for this doctrine to apply. *Worcester Insurance Co. v. Fells Acres Day School*, 408 Mass. 393, 404 (1990). To be within the scope of employment, the conduct must be of the kind the person is employed to perform, occur substantially within authorized space and time limits, and must be motivated, at least in part, by a purpose to serve the employer. *Id.* Here, it is clear that Barnes was not acting within the scope of his employment by failing to properly preserve and maintain the Engines and/or by failing to ensure that his staff was properly preserving and maintaining the Engines, because he was employed to ensure that the Engines functioned properly. Fink Declaration, ¶ 5, Legere Declaration, ¶ 4. Moreover, it is difficult to see how Barnes can claim that by failing to properly preserve and maintain the Engines he was furthering the interests of Pan Am, as Pan Am was ultimately required to spend in excess of $360,000.00 to cure the misconduct of Barnes. Furthermore, Barnes also failed to report the condition of the Engines to his superior(s), despite his knowledge of the condition prior to his departure from Pan Am, which would also be outside the scope of his employment. Fink Declaration, ¶ 5, Legere Declaration, ¶ 4. To put it another way, Barnes essentially admits that he was negligent, but attempts to avoid liability by blaming his boss. Unfortunately, since it makes

absolutely no sense that someone's scope of employment would include costing the company several hundred thousand dollars by failing to perform a relatively basic procedure, Barnes argument must fail.

### III. CONCLUSION

For the foregoing reasons, Pan Am respectfully requests that Barnes's motion for partial summary judgment be denied.

>Respectfully submitted,
>
>/s/
>
>Robert B. Culliford (BBO# 638468)
>14 Aviation Avenue
>Portsmouth, NH 03801
>(603) 7660-2002
>
>Attorney for plaintiff
>   Pan American Airways Corp.

October 12, 2005