UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAN AMERICAN AIRWAYS CORP., )<br>    Plaintiff/Counterclaim Defendant, )<br>)<br>v. )<br>)<br>ROBERT E. BARNES, )<br>    Defendant/Counterclaim Plaintiff. )<br>) | C.A. No. 04-10515-JLT |

**PLAINTIFF/COUNTERCLAIM DEFENDANT, PAN AMERICAN
AIRWAYS CORP.'S, MOTION IN LIMINE FOR SEPARATE TRIALS,
PURSUANT TO FED. R. CIV. P. 42(b)**

    The plaintiff/counterclaim defendant, Pan American Airways Corp.("Pan Am"), requests that this Honorable Court enter a pre-trial ruling, pursuant to Fed. R. Civ. P. 42(b), that the above-captioned case be bifurcated and that separate trials be conducted to decide the plaintiff's claims and the defendant's counterclaims. As grounds for this motion, Pan Am states as follows:

1. Pan Am has brought the instant action against the defendant/counterclaim plaintiff, Robert Barnes ("Barnes") seeking recovery of monetary damages suffered by Pan Am as a result of Barnes' failure to properly perform his job duties while employed by Pan Am as its Vice President of Maintenance. The damages sought consist of monies paid to service certain aircraft engines following an investigation by the Federal Aviation Administration as to the storage and preservation of the subject aircraft engines during Barnes' employment with Pan Am.

2. Following the commencement of the instant litigation, Barnes answered the plaintiff's Complaint and asserted counterclaims against Pan Am arising out of Pan Am's service of the Summons and Complaint at Barnes' workplace to a co-employee of Barnes who was likewise named Robert Barnes. Following a ruling on Pan Am's Motion for Summary Judgment, the Court dismissed Barnes' counterclaims, except for the counterclaim alleging a cause of action for defamation. In its ruling, the Court held that questions of fact remained as to whether "Pan Am served process at Barnes' workplace improperly with the knowledge, or intent, that the summons and complaint would be published to others."

3. Pursuant to Fed. R. Civ. P. 42(b), the Court "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue." The decision to bifurcate is a matter

peculiarly within the discretion of the trial court. <u>Gonzalez-Marin v. Equitable Life Assurance Society of U.S.</u>, 845 F.2d 1140, 1145 (1st Cir. 1988). In deciding a motion to bifurcate, several factors are considered, including: (1) whether a separation of the issues for trial will expedite disposition of the action; (2) whether such separation will conserve trial time and other judicial resources; (3) whether such separation will be likely to avoid prejudice to any party at trial that may occur in the absence of separation; and (4) whether the issues are essentially independent of each other so that there will be no need to duplicate the presentation of significant areas of the evidence in the separated proceedings. <u>McKellar v. Clark Equipment Co.</u>, 101 F.R.D. 93, 94 (D. Me. 1984).

4. In the instant case, the facts underlying Pan Am's complaint and Barnes' counterclaim are completely separate and distinct. The issues to be decided in Pan Am's case pertain to: (1) Barnes' performance of his job duties while employed as Pan Am's Director, and then, Vice President of Maintenance during the period from February of 2002 through July of 2003; (2) the FAA's investigation in the Fall and Winter of 2003 of Pan Am's aircraft engine storage and preservation procedures during the period when Barnes was employed by Pan Am; and (3) the costs incurred by Pan Am to service certain engines cited by the FAA as improperly stored and preserved. The witnesses to be called in presenting Pan Am's case in chief and Barnes' defenses thereto will include employees of Pan Am and inspectors employed by the FAA during the relevant period.

5. The facts underlying Barnes' counterclaim pertain to the service of Pan Am's Summons and Complaint upon a co-employee of Barnes at Barnes workplace at Logan Airport in Boston, Massachusetts on or about March 16, 2004. Such facts have absolutely no relation to Barnes' employment with Pan Am, the FAA's investigation of Pan Am's aircraft engine storage procedures, or the costs incurred by Pan Am to comply with the FAA's recommendations. Upon information and belief, the witnesses to be called in presenting Barnes' case will be Barnes' co-employees who have no relation or knowledge whatsoever to the witnesses to be called or the issues to be presented in the Pan Am's case in chief.

6. Pan Am will be severely prejudiced in the event that a single jury is allowed to decide the issues presented in the underlying case and Barnes' counterclaim. A single jury may be confused by the separate issues presented and could allow sympathy to influence their decisions when considering the respective claims of a corporation and an individual. No such prejudice would arise in the event that separate trials are ordered. Pan Am would be allowed to present its case against Barnes without the jury having to consider any alleged harm or distress resulting from the service of the Summons and Complaint at issue in Barnes' counterclaim. Moreover, no prejudice would inure to Barnes by the bifurcation of the claims as Barnes will have a full and fair opportunity to have his counterclaim decided without any possible confusion of the issues presented in Pan Am's case.

     WHEREFORE, the plaintiff/counterclaim defendant, Pan American Airways Corp, respectfully requests that this Honorable Court enter a pre-trial ruling, pursuant to Fed. R. Civ. P. 42(b), that the above-captioned case be bifurcated and that separate trials be conducted to decide the plaintiff's claims and the defendant's counterclaims.

          Respectfully submitted,
          By the Plaintiff/Counterclaim Defendant,
          Pan American Airways Corporation,
          By its attorneys,

          John J. O'Brien, Jr.
          BBO # 375885
          Francis S. McGurrin, Jr.
          BBO # 630847
          O'Brien & von Rosenvinge, P.C.
          27 Mica Lane, Suite 202
          Wellesley, MA 02481
          (781) 239-9988

DATED: September 8, 2006

CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the plaintiff/counterclaim defendant, Pan American Airways Corporation, hereby certify that on the ___ day of September, 2006, I served true copies of:

**PLAINTIFF/COUNTERCLAIM DEFENDANT, PAN AMERCAN AIRWAYS CORP.'S, MOTION IN LIMINE FOR SEPARATE TRIALS, PURSUANT TO FED. R. CIV. P. 42(b)**

by hand-delivery to the following counsel of record:

Peter Piel, Esq.
800 Turnpike Street
Suite 300
North Andover, MA 01845

_____
John J. O'Brien, Jr.