**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

PAN AMERICAN AIRWAYS CORP.,      )
    Plaintiff/Counterclaim Defendant,  )
                            )
**v.**                             )       **C.A. No. 04-10515-JLT**
                            )
**ROBERT E. BARNES,**         )
    Defendant/Counterclaim Plaintiff.  )
                            )

**PLAINTIFF/COUNTERCLAIM DEFENDANT, PAN AMERICAN
AIRWAYS CORP.'S, MOTION IN LIMINE TO PRECLUDE EVIDENCE
OF INSURANCE, PURSUANT TO FED. R. EVID. 411**

      The plaintiff/counterclaim defendant, Pan American Airways Corp.("Pan Am"), requests
that this Honorable Court enter a pre-trial ruling, pursuant to Fed. R. Evid. 411, precluding the
defendant/counterclaim plaintiff, Robert Barnes ("Barnes"), from introducing testimony, or
otherwise introducing into evidence, issues of insurance at the time of trial  As grounds for this
motion, Pan Am states as follows:

1.      Pan Am has brought the instant action against the defendant/counterclaim
plaintiff, seeking recovery of monetary damages suffered by Pan Am as a result of
Barnes' failure to properly perform his job duties while employed by Pan Am as
its Vice President of Maintenance.  The damages sought consist of monies paid to
service certain aircraft engines following an investigation by the Federal Aviation
Administration as to the storage and preservation of the subject aircraft engines
during Barnes' employment with Pan Am.

2.      On September 1, 2006, counsel for Barnes e-mailed preliminary submissions to
the parties' Joint Pre-Trial Memorandum to counsel for Pan Am.  Included within
the Contested Issues of Fact section, counsel included the following issue:
"Whether Pan Am was required to carry insurance for engines and aircraft."

3.      Fed. R. Evid. 411 provides, in pertinent part that: "Evidence that a person was or
was not insured is not admissible upon the issue whether the person acted
negligently or otherwise wrongfully."

4.      Upon information and belief, Barnes intends to introduce issues of insurance to
somehow demonstrate alleged comparative negligence on the part of Pan Am.
Specifically, Pan Am anticipates that Barnes will try to show that no damages
would have been suffered by Pan Am due to Barnes failure to properly carry out
his job duties if Pan Am had been insured.  Pursuant to the provisions of Fed. R.
Evid. 411, such evidence of insurance is clearly inadmissible and patently

prejudicial.

WHEREFORE, the plaintiff/counterclaim defendant, Pan American Airways Corp, respectfully requests that this Honorable Court enter a pre-trial ruling, pursuant to Fed. R. Evid. 411, precluding the defendant/counterclaim plaintiff from introducing testimony, or otherwise introducing into evidence, issues of insurance at the time of trial.

Respectfully submitted,
By the Plaintiff/Counterclaim Defendant,
Pan American Airways Corporation,
By its attorneys,

_____

John J. O'Brien, Jr.
BBO # 375885
Francis S. McGurrin, Jr.
BBO # 630847
O'Brien & von Rosenvinge, P.C.
27 Mica Lane, Suite 202
Wellesley, MA 02481
(781) 239-9988

DATED: September 8, 2006

CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the plaintiff/counterclaim defendant, Pan American Airways Corporation, hereby certify that on the ___ day of September, 2006, I served true copies of:

**PLAINTIFF/COUNTERCLAIM DEFENDANT, PAN AMERCAN AIRWAYS CORP.'S, MOTION IN LIMINE TO PRECLUDE EVIDENCE OF INSURANCE, PURSUANT TO FED. R. EVID. 411**

by hand-delivery to the following counsel of record:

Peter Piel, Esq.
800 Turnpike Street
Suite 300
North Andover, MA 01845


                                                                             _____

                                                                             John J. O'Brien, Jr.